<div align="center">LOBDELL <em>against</em> HOPKINS.</div>

<div style="margin-left:2em">A note payable in specific articles without mentioning day or place, is, in law, payable on demand; and a special demand is necessary.

A note thus payable in <em>farm produce</em>, should be demanded at the farm of the debtor.

A note thus payable in merchandize, or manufactures, should be demanded at the store 'of the merchant or the shop of the manufacturer.</div>

ON certiorari, from the justices' court of the city of Alba-
ny.    Lobdell sued Hopkins in the court below, on the fol-
lowing instrument in writing, signed by the defendant :
" Moscow, 29th August, 1817.    I certify that on the settle-
ment made with Amos H. Arnold, Noble Lobdell and Caleb
Lobdell, on a contract with them, or some of them, for a job of
clearing, there remained a balance due said Caleb Lobdell,
of $35 95, payable in *farm produce*, at the market price,
according to said contract."    The defendant at the trial,
admitted the execution of this paper ; and the plaintiff ad-
mitted that the defendant at the time of the execution was
a resident of Moscow in Livingston county ; and that he
resided there until June, 1822, and owned a farm there.
The court below gave judgment for the defendant.

The main question now raised was, whether it was ne-
cessary actually to demand the *farm produce* mentioned in
the contract of the defendant, before bringing the action be-
low : and

*J. T. B. Van Vechten*, for the plaintiff in error, conten-
ded that it was not ; and he cited 5 John. 119 ; 7 John. 461.

*S. M. Hopkins*, contra.    It is admitted that if a man en-
gage to deliver a horse, or other article worth so much, *at*

a given time and place, nothing is left to either party. Both parties are apprised by the contract, of the time, place and manner of its execution. Each will be prepared accordingly. But if neither time, place, nothing are determinate, they remain to be fixed by the election of one party or the other; and the rights of each must be fixed with a due regard to the nature of the case. It may not, at the date of such a note as this, be the season to pay in *farm produce*. All such contracts are presumed to be in favor of the debtor. (Chipm. on Con. 35, citing Poth. Ob. no. 497.) A contract payable in *portable* specific articles, at a day certain, not at any specified place, are payable at the creditor's residence; out "not so as to specific articles which cannot attend the person of the debtor. They are supposed to be at the debtor's place of residence; and the creditor must, therefore, demand the payment." (Chipm. on. Contr. 25, 28.) In the case of a merchant or mechanic, who gives an engagement to pay in merchandize, or in his manufactures, the shop of the debtor is the place of payment. (id. 28, 29, 30. And there must be a demand at his place of residence. (id. 49.) By the French law, wherever any thing indeterminate is promised, it must be demanded, and is deliverable at the domicil of the debtor. (Poth. Ob. pt. 3, ch. 1, no. 513.) At no. 512, Pothier puts the case of a determinate thing, payable at a fixed place, in which he says the thing is to be delivered at the place where it exists. He quotes the civil law to this effect; and, in giving an example, mentions a crop of wine in his repository. Now, *farm produce* is presumptively on a farm, and has locality attached to it, as well as the produce of a vintage.

*Curia*, per Savage, Ch. J. On the merits, the only question is, was a demand necessary before action brought?

The note declared on refers to another contract, which, if produced, might have shown a time and place of payment; and perhaps a specific mode; but the note, unexplained, amounts to a note payable in specific articles without time or place; and the want of time renders it payable on demand. On such a note, a special demand is neces-

*NEW YORK, May, 1826.*

Lobdell
v.
Hopkins

NEW YORK,
May, 1826.

Lobdell
v.
Hopkins.

sary. (*Smith* v. *Leavensworth*, 1 Root, 209. *Bach* v *Owen*, 5 T. R. 409. *Chandler* v. *Windship*, 6 Mass. Rep. 310. *Benners* v. *Executors of Howard*, Tayl. Rep. N. C. 149.)

The question has also been examined, by the counsel for the defendant, where this demand should be made? Mr. Chipman in his valuable treatise, says, " If the note be payable in specific articles, on demand, and no place of payment be designated, the debtor's place of residence is the place of payment, and the payment must be there demanded." (Chipm. Tr. 49, and vid. id. 28-9.) This case is analogous to that of a due bill without time or place, given by a merchant for goods, or a mechanic for work. Surely the goods must be demanded of the merchant at his store, or of the mechanic at his shop, before a suit can be sustained. The instrument in question is payable by a farmer in farm produce. Certainly there should have been a demand at the debtor's farm.

Judgment affirmed.(*a*)

(*a*) Where a contract is made or the delivery of property, and the debtor has a known place of residence within the state, a demand of the property must be made there. (*Chambers* v. *Winn*, Prin. Dec. Kentucky, 192.) On contracts for the delivery of property, where no place is expressed, the usual residence of the obligor is the place of performance; and where no place is named, and the property is to be delivered on request, a special request at the obligor's residence must be averred. (*Wilmouth* v. *Patton*, 2 Bibb's Kentucky Rep. 280.) Where one contracts to deliver specific articles on demand, he should be always ready at his dwelling house, or place of business. If he be absent, a demand of his wife has been held sufficient. (*Mason* v. *Briggs*, 16 Mass. Rep. 453.)