## VANCE *vs.* BLOOMER.

On a note payable in *ready made clothing,* the payee has no right to demand a garment which has been made for a *customer* at a stipulated price.

The holder of a note of this kind, *it seems,* may demand payment of it *in parcels,* and is not bound to take clothing to its full amount at one time.

So *it seems* that to sustain an action on such note there must be a demand and refusal.

ERROR from the superior court of the city of New-York. Bloomer sued Vance in the marine court of the city of New-York on a due-bill in these words: " Due G. Bloomer or bearer 44 dollars 30 cents, to be paid in ready made clothing after this date." (Signed) James Vance. The due-bill was dated 19th February, 1835, and to it was attached a memorandum in these words : " N. B. Clothes will not be made to measure." A witness of the name of *Wade* testified that in behalf of the plaintiff

he demanded of the defendant, at the store of the latter, who kept a clothing store, a ready made coat lying on the counter, in part payment of the note. A witness for the defendant testified that the defendant told Wade that the coat had been made for a Mr. *Doremus,* who had promised to pay cash for it, but that he might take any other ready made clothing on the shelves. *Wade* knew that the coat had been made by measure for *Doremus,* and that he agreed to pay $25 for it. Before the demand by Wade, a request had been made by Doremus to have the coat delivered to him without paying the price, but Vance refused to let him have it. Doremus had since been compelled to pay for the coat. Wade testified that Vance did not offer any other goods, and that had he done so, he would have settled with him on the spot. He acknowledged that he did not demand any other article; he said he would not have demanded a customer's coat, but he supposed it had been refused by Doremus, and that he wanted that particular coat. The defendant objected that the action would not lie, because no demand of payment had been made. The marine court rendered judgment for the plaintiff for the full amount of the note, viz. $44.30, and the superior court, on *certiorari,* affirmed the judgment. The defendant sued out a writ of error.

*L. Sanford,* for plaintiff in error.

*H. M. Western,* for defendant in error.

*By the Court,* Cowen, J. It is not denied that a special demand at the store of the defendant below, and a refusal to perform, were necessary in order to maintain the action. *Lobdell* v. *Hopkins,* 5 *Cowen,* 516. The necessity for this was formerly doubted and left quite questionable by *Thomas* v. *Roosa,* 7 *Johns. R.* 461 ; and in a recent case in Pennsylvania, a majority of the court said that though no time nor place be fixed by the contract for delivery, it lies with the debtor to tender within a reasonable time, *Roberts* v. *Beatty,* 2 *Pennsylv. R.* 71, 2, *Houston, J. doubting.* The balance of the cases relied on certainly sustain that position in respect to contracts of delivery which are specific as to time.

There the promisor must move ; and if no place be appointed, must either make a tender personal to the promisee, or where the goods are ponderous, get him to appoint a place before the day. *Id.* 67, 68, 71, *and the cases there cited.* But see several Kentucky cases, that where no place is appointed, though the day be fixed, the place shall be deemed the residence of the debtor. They are cited *id.* 71 ; and see some of the same cases cited 5 *Cowen,* 518, *note.* In *Mingus* v. *Pritchett,* 3 *Dev.* 78, an agreement to pay a certain sum in *good trade,* on or against the first of March, was held to devolve on the covenantor the necessity of calling for an appointment of place before the day ; and in these and the like cases, he must show himself ready to the last moment and uttermost convenient time of the day at the proper place, with the goods specifically set apart and designated, so as to enable the promisee to maintain trover in case they be not afterwards delivered on demand, and this whether the promisee or his agent be there or not. *Tiernan* v. *Rapier,* 5 *Yerg.* 410, 414, 415. *Roberts* v. *Beatty,* 2 *Pennsyl. R.* 67 *to* 69, *and the cases there cited. Chipm. on Cont.* 96, *et seq. Nichols* v. *Whiting,* 1 *Root,* 443. Any accident or inevitable necessity shall not excuse him, for he might have provided against that by his contract. *Roberts* v. *Beatty,* 2 *Pennsyl. R.* 67. `Paradine* v. *Jane, Aleyn,* 27. And he is bound to tender the whole ; for the contract is entire, and the promisee is not bound to receive but a part. *Roberts* v. *Beatty,* 2 *Pennsyl. R.* 69, 70. But the parties may, by consent, sever the contract, delivering and receiving part at a time, when it becomes but a contract for the residue. *Roberts* v. *Beatty,* 2 *Pennsyla. R.* 69, *and the books there cited.*

On the other hand, where time and place are both left open, *Lobdell* v. *Hopkins* settles the rule with us on a reasonable basis, and such as conforms to the usual course of business. The note is then payable on demand, the payee has, in that case, the election as to time ; and, in the case of chattel notes, a special request must be shown at the promisor's place of business. Contracts like the one in question, payable in merchant's

goods are very common, the practice under them generally known and the law well summed up by Mr. Chipman, in his essay on such contracts, 28, 29.  " If," says he, " a merchant give a due-bill to A. payable in goods, and no time or place of payment be designated, the due-bill contains an acknowledgment that A. has paid him in advance for the amount in goods therein expressed ; and a promise is implied on the part of the merchant, that when-ever A. shall call at his store and present the due-bill, he will deliver to him such articles as he shall select out of the goods on hand.   The store of the merchant is the place of payment ; and no action can be maintained on the due-bill, until A. shall call at the store of the merchant for the goods, and the merchant shall refuse to deliver such goods as A. shall select.    Indeed A. is to be treated as other customers are to be treated.   He has a right to call for a part of the goods at a time, and the merchant has no right to require that the whole amount shall be received at one time.    The merchant is also required to deliver the goods at the market price, and has no right to charge them at a higher price ; and A. has no right to require the price of the goods to be reduced, on the ground that he can purchase the goods cheaper at another store ; for it is to be presumed that A. at the time he made the contract, knew at what price the merchant sold his goods, and paid a consideration accordingly."    This exposition seems to have been very successful in following the rule laid down with regard to a like contract, in the very learned case of *Roberts* v. *Beatty*, to which I have already often referred, 2 *Pennslyv. Rep.* 65.   Ross, J. there said, " We must consider the subject matter of the agreement ; the object of making it ; the sense in which the parties mutually understood it at the time it was made ; the place where it was entered into ; the use to which any articles stipulated to be delivered were to be applied; if materials for building, when and where to be used ; and finally the practical exposition, and the general understanding, custom and usage amongst those who enter into similar contracts, in the execution and performance."   The meaning and practice of par-ties, as laid down by Mr. Chipman, are slightly anomalous,

especially in respect to the demand of partial payment from time to time, if not in respect to the place of demand. But it is believed that the course of business is so very well settled as to warrant the departure.

It can hardly be doubted, therefore, that in the case at bar, the demand was properly made of a specific piece of goods, although it would not have reached the full sum in value. The promisee is to call for parcels as shall be most convenient to himself. But it was neither conformable to the usage of business nor according to justice nor law, that he should demand goods belonging to another though on the shelf of the promisor. It was, at least, to set himself against another customer of the defendant below, who had obtained an honest preference, and if that customer would give way, still the defendant had a right, as he did in this instance, to retain the article bespoken and made to measure, with a view to enforce the particular contract of sale. Indeed the bargain for the coat was struck between the defendant and Doremus, the property being transferred to the latter, subject to a lien in the defendant for the price. It was captious in the plaintiff below, after being informed of the fact, still to persevere in a specific demand.

It is no answer to say that a demand was made importing that the plaintiff wanted his pay upon the note. It is not according to the fact. The agent who made the demand mentioned no goods as acceptable beside the coat. Having the right of selection, and being bound to make a demand, he should have made a proper one. He denies that the defendant offered to pay in other goods, as stated by W. Vance. But let us take it as we are bound to do on writ of error, upon such a conflict between the witnesses, that there was no offer by the defendant to pay. He was not bound to offer ; but only to comply with a proper demand. Suppose his own coat had been demanded from the counter. The demand in question was no more within the contract. To be faithful to his other customer, and his own rights, he could do no less than meet such a demand with such an explanation as he gave: " The coat belongs to Mr. Doremus.'

It was useless for Wade the agent to say as a witness. that he would have taken other goods in full. He should have said so as an agent; but did not. . There seems to have been an effort by him for some reason not justifiable, at least not justified, so to shape his demand as to turn the instrument in question into a money claim. We think he has failed to do that, and that the judgment of the superior and marine courts must be reversed.

Judgments reversed.