## RICE *vs.* CHURCHILL.

A note given by one who keeps a saw mill and lumber yard, for an amount " payable in lumber at cash price when called for," without mentioning day or place of payment, is payable on demand at the mill yard.

A special demand must be made there before suit brought.

But a personal demand of the maker elsewhere would be good unless met by an offer to pay at the yard. In such case the holder would be bound to go to the yard to receive payment. *Per* BEARDSLEY, J.

A demand at the mill yard is sufficient, though neither the maker nor any one authorized to make the payment be found there.

If upon such demand the maker be absent, it may be made of any one in charge; and if there be no such person it may be made publicly.

The maker of such an engagement is bound to be at the place of payment at all reasonable hours prepared to perform the agreement.

ERROR to the Onondaga C. P.    Churchill sued Rice before a justice of the peace and recovered judgment.    The defendant appealed.    The action was assumpsit on an agreement in writing in the following words : " For value received I promise to pay Alexander M. Churchill or bearer fifty dollars in lumber at cash price, when called for.    Spafford, Sept. 8, 1842.    William Rice."    The plea was the general issue.

On the trial in the C. P. the execution of the note was admitted.    The plaintiff proved that in September, 1843, a person sent as an agent by the holder of the note took it to the house of the defendant, who was not at home.    He then went to the defendant's saw mill, about one hundred rods off, and found there the defendant's son at work at a wheel, who said his father was at work in a wheat field a mile or two distant.    The mill was not running.    The agent shewed the note to the defendant's son and requested that it might be paid in lumber, and asked for some lumber from a particular pile which was pointed out.    He proposed that the whole amount required to pay the note might be measured out so that it might be laid aside to be taken away as the holder pleased.    The defendant's counsel objected to evidence of what the son said in answer to this application, but the objection was overruled and the defendant excepted.    It was

proved that the son at first said that the pile belonged to another person and that the agent could not take any of it, but afterwards he was allowed to and did take some lumber from it. The agent at that time took away a load of lumber, and demanded the whole that was payable on the note. It appeared that the defendant kept his lumber at the mill yard, that the son had sometimes worked at the mill, and sometimes worked out, and that the defendant worked some at farming. The defendant's counsel moved for a nonsuit, insisting that a sufficient demand had not been proved, but the motion was denied and the defendant excepted.

The defendant then gave evidence respecting the interview between his son and the agent at the mill, to the effect that payment of the whole amount was not demanded, but that the agent said that the owner of the note would come after the lumber in two or three days and wanted the defendant to be there. The defendant proved that this had been mentioned to him and that he had remained about the mill several days afterwards, but no one came for the lumber; but that subsequently the holder of the note, who lived about eight miles distant, came for the lumber and saw the defendant's son at the mill and demanded the lumber, but it was not turned out or measured, nor was it ever set apart for the holder. The son swore he was not in charge of the mill nor of the lumber, and was not authorized to let the lumber go in payment of his father's debts or otherwise. It appeared that the defendant had lumber enough at the mill at this time to have paid the note.

The court charged the jury that a demand of payment was necessary before action brought, and that it must be made at the place where the defendant transacted his lumber business, but that as the defendant was a farmer as well as a manufacturer of lumber, he was not bound to be at his lumber yard constantly, and that a demand there would not be good unless he or his authorized agent was there; that the first demand proved was not sufficient, especially if it was then understood that the holder of the note was to call again; but that if the agent who first called for the lumber gave notice to the defendant's son that the lumber was

Rice *v.* Churchill.

wanted and would be called for soon, and the son gave notice of this to the defendant, it was then the duty of the latter to have the lumber ready; and if after this the holder again called for the lumber and none was ready, the defendant was in default and the plaintiff was entitled to recover. The defendant's counsel excepted to the charge, and the jury rendered their verdict for the plaintiff, upon which the court gave judgment. A bill of exceptions was signed.

*Gardner & Burdick*, for the plaintiff in error.

*W. H. Jewett*, for the defendant in error.

*By the Court*, BEARDSLEY, J.    This agreement was not for the delivery of specific articles of property, but for the payment of a certain sum in lumber at cash price.    No time or place of payment is mentioned in the contract, nor does it indicate what description of lumber was demandable by the holder of the note or might be turned out by the maker in satisfaction of his engagement.    On such a contract payment must be demanded before an action will lie upon it.    In *Lobdell* v. *Hopkins*, (5 *Cowen*, 516,) Chief Justice Savage said, "the note unexplained amounts to a note payable in specific articles, without time or place; and the want of time renders it payable on demand.    On such a note a special demand is necessary."    For this he refers to various authorities, to which may be added the case of *Vance* v. *Bloomer*, (20 *Wend.* 196.)    These show the general law on the subject; but in the case now before the court, the express words of the contract made a demand necessary, for the lumber was to be paid "when called for."

The defendant owned a saw mill and his lumber was kept at the mill yard; that was therefore the place at which this note was payable.    It was like the note of a merchant payable in goods, or of a mechanic payable in his work, in which cases the law implies that the store of the former or the shop of the latter is the place of payment agreed upon by the parties.    (*Chip. on*

Cont. 28, 29, 30, 49; Barker v. Jones, 8 N. Hamp. R. 413; Lobdell v. Hopkins, and Vance v. Bloomer, supra.)

A personal demand of the defendant at his mill yard would undoubtedly have been sufficient. And even had it been made elsewhere, that would have been enough unless the defendant met the demand by an offer to make the payment at his mill yard. If this was proffered on such demand being made, the holder of the note would be bound to repair to that place to receive the lumber. (Higgins v. Emmons, 5 Conn. R. 76; Scott v. Crane, 1 id. 255.)

But a personal demand was not necessary in this case. The lumber was payable at the defendant's mill yard, and the creditor must go to that place to receive it. He was not, however, bound to go there more than once, nor to remain until the defendant was found at the same place. One who enters into such an engagement as this, must at all reasonable hours be at the place of payment, and prepared to perform his contract. If the debtor is not there, a demand may be made of any one in charge for him; and if no such person can be found, a public demand at that place, at a reasonable time, will suffice. (Mason v. Briggs, 16 Mass. R. 453; Higgins v. Emmons, 5 Conn. R. 79; 5 Cowen, 518, note; Chip. on Cont. 28 to 30.)

It may be conceded, for the point is not in this case material, that the demand first made of the defendant's son was insufficient, it being understood that the holder of the note would call again for the lumber. That call was soon after made, for the holder came from his residence, a distance of seven or eight miles, and not finding the defendant at the mill, his son, who was there, was requested to turn out the lumber. This was not done, and as the contract was thus violated the action was well brought and the plaintiff entitled to recover. It is not pretended that the second demand was at an unseasonable time, or in any respect objectionable, if one could be made when the defendant was not present in person or by an authorized agent. The defendant had engaged, in effect, to make the payment at his lumber yard, and that it should be done when demanded. The time to make the payment was not fixed by the contract, and it

might be demanded any day which the holder pleased. It was the business of the defendant to be ready, at all reasonable hours, to answer the demand of payment, for he had no right to expect that successive calls would be made to suit his convenience. The duty to make the payment rested on him, and he was bound to perform it whenever a demand was made at the proper place.

There was no error in allowing evidence to be given of what the defendant's son said, when the lumber was first demanded of him. He refused to deliver the lumber, and what he said was a part of the act of refusal. It was received for that purpose, and was clearly admissible.

Judgment affirmed.