## DUNN *versus* MARSTON *&* al.

Upon a note, payable in such articles as the creditor shall select from those, which the debtor is manufacturing at a specified place, a *legal* inference arises that the payment is to be made *at that place.*

Upon a note, payable on demand, in specific articles, the demand may be made, at any reasonable hour, at the place of payment, though neither the debtor or any person in his behalf should be present.

ON EXCEPTIONS from the *District Court,* RICE, J.

ASSUMPSIT upon a note for fifty dollars, payable on demand in pine boards, and fifty dollars payable in pine shingles, of such · quality as the plaintiff might select from those which the defendants were manufacturing at Taylor's mills.

The testimony showed *that* the defendants were farmers; *that* they had a retail grocery store a few miles distant from their farms; *that* they manufactured lumber at Taylor's mills, which were a few miles distant from their store and from their farms; *that* they had in their lumber yard, twenty five

rods from the mills, a large quantity of pine boards and pine shingles, of their manufacture; *that* the plaintiff's agent went, with the note, into the yard at a reasonable hour, and demanded payment; and *that*, at the making of the demand, neither of the defendants or any person in their behalf was at the mills or in the yard.

The defendants requested the Judge to instruct the jury *that* no place of payment was named in the note, and *that*, as no demand was made upon either of the defendants, or their agent, or at their store or place of business, there was no sufficient demand to support the action.

This request was refused, and the jury were instructed that, if there was a demand of payment during business hours, at Taylor's mills, and if the defendants neglected to set out sufficient lumber, in payment of the note according to its tenor, such demand was sufficient to support the action.

The verdict was for the plaintiff, and the defendants excepted.

APPLETON, J. — This was an action of assumpsit on a note of the following tenor : —

"For value received of R. B. Dunn we promise to pay him or bearer one hundred dollars, fifty dollars to be paid in merchantable pine boards and fifty to be paid in pine shingles of such quality as he may select from those which we manufacture at Taylor's mills so called in Mt. Vernon, at a fair cash price on demand. "Marston & Tilton,

"by C. A. Marston."

The plaintiff by this contract has obviously the right to determine at what time he will demand its performance. The defendants on their part are bound to have at all times on hand at the place of delivery, wherever that may be, enough lumber of the kinds mentioned to enable them to comply with its stipulations. *Bailey* v. *Simonds*, 6 N. H. 159. When the demand is made at a reasonable hour and at the proper place, it will be equally available whether the

defendants are present or absent. *Mason* v. *Briggs*, 16 Mass. 453. *Higgins* v. *Emmons*, 5 Conn. 79.

The defendants contracted to pay the plaintiff a certain sum, part in boards and part in pine shingles of such quality as he might select from those they were manufacturing at Taylor's mills. The lumber from which payment was to be made is specially described. It was to be manufactured by the defendants or by those in their employ at a given place ; and lumber manufactured elsewhere or by other persons, so far as relates to the shingles at any rate, would not answer the requirements of the contract, which had clearly defined by whom and where they were to be manufactured. The plaintiff might at any time make his demand and if the defendants complied with it, he might select enough to pay that portion of his note payable in shingles. The right of selection applies to all on hand at the time of demand whereever that may be made. That right the defendants could not limit nor restrain. To allow them to do that, would be to the extent of such allowance, an interference with the plaintiff's rights, which in this respect are unlimited. As the right of selection exists as to all the shingles manufactured at the time of demand, it must be exercised at the place where they are manufactured, otherwise the defendants would be compelled to remove the whole mass to the place of selection, wherever it should be determined to be, which would be absurd. When the selection is duly made the title to the lumber selected would vest in the creditor so selecting. The selection must therefore be made at the place of manufacture, and the delivery had at the place of selection.

If the right of selection should be deemed to apply to the boards in which part of the payment was to be made, then the same reasoning would be applicable. If no right of selection existed as to them still no different results would follow, for it cannot be deemed to have been the intention of the parties to this contract that there should be separate and distinct places of delivery for each article by which the note was to be paid. The subject-matter of the contract, the ob-

ject the parties had in making it and their presumed inten-tions are all to be regarded in connection with the instrument itself in determining what shall be its legal construction. *Howard* v. *Miner*, 20 Maine, 330. The place of delivery therefore is at Taylor's mills, " for if the place intended by the parties can be inferred, the creditor has no right to appoint a different one." 2 Kent's Com. 507. Besides, if the plain-tiff had the right to appoint a special place of delivery for the boards it might be waived, and if when he made the demand he designated no such place, the place of delivery would be the place where they were at the time of the de-mand, or such reasonable place as the debtor might appoint.

But a question of no less importance arises as to where was the proper place of *demand*, for if there has been no demand at the proper place the defendants cannot be deemed as in default. From the evidence it appears that the defendants were farmers, having a store at the village in the town in which they resided, at some distance from their farms, and that at the same time they were engaged in the manufacture of lumber at a place called Taylor's mills, at some distance from the place where they transacted their mercantile busi-ness as well as from their farms. It has been settled that a note payable in farm produce should be demanded at the farm of the debtor and that one payable in merchandise or manufactures should be demanded at the store of the mer-chant or the shop of the manufacturer. *Lobdell* v. *Hopkins*, 5 Cow. 516 ; Chipman on Contracts, 28, 29, 30, 49. In *Rice* v. *Churchill*, 2 Denio, 145, the note declared on was " payable in lumber, at cash price, when called for." The defendant in that case was engaged in farming as well as in the manufacture of lumber. In delivering the opinion of the Court, BEARDSLEY, J., says, " A personal demand was not necessary in this case. The lumber was payable at the de-fendant's mill-yard, and the creditor must go to that place to receive it. He was not, however, bound to go there more than once, nor to remain until the defendant was found at the same place. One who enters into such an engagement

as this, must at all reasonable hours be at the place of payment, and prepared to perform his contract. If the debtor is not there a demand may be made of any one in charge for him; and if no such person can be found, a public demand at that place at a reasonable time will suffice." It may be that a demand might have been elsewhere which would have been enough unless the defendants had met the demand with an offer to make payment at the place of delivery. If this was proffered on such demand the holder of the note would be bound to repair there to receive his pay. *Scott v. Crane*, 1 Conn. 225.

The instruction given being in conformity with these principles was correct. The instructions requested proceed upon the assumption that no legal demand could be made at Taylor's mills and were properly refused. The sufficiency of the evidence to satisfy the jury is not before the Court. The legal correctness of the rulings of the Judge are alone to be considered on exceptions.

SHEPLEY, C. J., TENNEY and HOWARD, J. J. concurred.

*Exception overruled. Judgment on the verdict.*

*Morrell*, for the defendants.

*Kempton*, for the plaintiff.