JOHN MOREY, Appellant, against JOHN M. ENKE, Respondent.

APPEAL FROM THE DISTRICT COURT OF WASHINGTON COUNTY.

> Where no time or place is designated in the contract for the delivery of the goods or the performance of the labor, then the promisee must make a demand, and there must be a refusal to comply on the part of the promisor before he is in default. As long as the promisor holds himself in readiness to make good his promise, he cannot be said to have failed.
>
> Where the contract was to break a certain amount of land within a given time, no place being designated as to where the breaking was to be done, if the promisee did not appoint a place, it became the duty of the promisor to seek him and request that he should do so; and if he selected a place reasonable, in reference to the probable understanding of the parties at the time of making the contract, the promisor should have performed at such place. If he had refused to appoint a reasonable place, or had selected one manifestly without the meaning of the contract, the promisor could have pleaded either of such facts in discharge of his obligation. But if he allow the time to elapse without any effort to perform on his part, the contract becomes a money demand on his default, in favor of the promisee.

## Points and Authorities of Appellant.

First.—The complaint of the Plaintiff does not contain a statement of facts constituting a cause of action. In that no request is averred. *See 1st Chitty's Pleadings,* (*marginal paging,*) 330, and cases there cited.

Second.—The Court erred in admitting testimony tending to show a breach of the contract, there being a total failure of proof of the contract set up. *See 1st Chitty's Pleadings,* 312, &c.; *1st Term Reports,* 447.

Third.—The Plaintiffs withdrew from the consideration of the Jury the only right of action they had under the contract set up or proved. *See Sedgwick on Dam.,* 280.

Fourth.—There was an entire failure of proof on part of Plaintiff to establish the contract upon which the action was founded. *Sedgwick on Damages,* 203, &c., and 280; *1st Term Reports,* 447, *Churchill v. Wilkins; 3d Term Reports,* 67, *Dunston v. Tuthan; 3d Term Reports,* 590, *Lettler v. Holland; Penny v. Porter, 2d East,* 2; *Brown v. Sayer,* 4 *Taunt,* 320; *1st Phillips' Evidence,* 845; *and note* 240, *on page* 846; *5th Conn Rep.,* 273; *Smith v. Barker, 3d Day Rep,* 312; *1st John Rep.* 129–96.

Points and authorities of Respondent.

First.—There being some evidence tending to prove the contract, it was for the jury to determine whether the contract was proved, and it was not *error* to permit the evidence tending to prove the breach to go to the jury, and the Court, in allowing the same to go to the jury, exercised a judicial discretion that will not be reviewed by this Court.

Second.—Where an obligation for a sum certain is payable in services, or specific articles, on a day certain, or within a time limited, upon default, the right to recover money is absolute, and no demand is necessary before suit brought.

When the time for the payment of property is fixed by contract, no demand is necessary. *Campbell v. Clark*, 1 *Hemp*, 67.

The liability of the maker of a note, payable in specific articles, and at a specified time, is fixed without a demand. *Cockrell v. Warner*, 14 *Ark.* (1 *Barb.*,) 345.

When a promissory note, for a sum certain, is payable in leather, at the tan-yard of the maker, a demand of the leather is not necessary. *Garnes v. Manning*, 2 *Green's Reps.*, 251.

A promissory note, payable in flour, after it becomes due is a cash note, and an action lies thereon without demand. *Wiley v. Shoemak, ib.* 205.

An action lies on a note payable in corn on a day certain without demand. *Phillips v. Cooley, ib.* 456; *Elkins v. Parkhurst*, 17 *Verm.*, 105; *Flemmings v. Potter*, 7 *Watts*, 380; 1 *Chitty, Pl.*, 330; *and note* (4).

Third.—All the matters in controversy between the parties having been submitted to the jury, and there being some evidence tending to prove all the material allegations in the complaint and reply, and the Court having charged the jury expressly in regard to the contract alleged in the complaint, it will be presumed that there was evidence sufficient to sustain the finding of the jury, and their verdict will not be disturbed. *Easter v. Smith*, 1 *E. D. Smith's Rep.*, 319; *Pozzoni v. Henderson*, 2, *ib.*, 146; *Biglow v. Lander*, 22 *Barb.*, 147; *Wiley v. Slater, ib.* 506; *Bennet v. Scott*, 18 *Barb.*, 347;

*Baker v. Briggs*, 8 *Pick.*, 122; *Williams v. Gilman*, 3 *Greenl.*, 276, and the cases therein cited.

L. E. THOMPSON, Counsel for Appellant.

L. R. CORNMAN, Counsel for Respondent.

*By the Court.*—FLANDRAU, J.　The complaint in this action is upon a contract by which the Plaintiff, in the month of August, 1858, sold and delivered to the Defendant a horse, for the sum of one hundred dollars, which the Defendant agreed to pay for in labor, by breaking twenty-five acres of land for the Plaintiff, at the stipulated price of four dollars per acre, which labor he was to perform during the month of October, 1858.　The answer put the contract in issue and set up other matters not necessary to be noticed.　The Plaintiff's proof was that they had agreed upon the value of the horse at one hundred dollars, and that the Defendant had agreed to take her, and break twenty-five acres of land for her, and charge four dollars for one acre, and was to do the breaking right off, within two weeks, and that although the horse had been delivered by the Plaintiff, the breaking had not been done.　The action was commenced September 27th, 1860.　The Defendant gave evidence of an entirely different contract.　The case went to the jury under the charge of the Court, " That this action having been brought to recover upon an express contract, to entitle the Plaintiff to recover, he must prove the contract as laid in the complaint, which was for the sale of a horse, at the price of one hundred dollars, to be paid for in breaking twenty-five acres of land."　The jury found for the Plaintiff, and assessed his damages at one hundred and fourteen dollars.

The contract alleged was substantially proven by the Plaintiff, and that is all that is required.　The Court gave the case to the jury upon this point as favorably for the Defendant as he could ask, and the jury found against him.　Upon this branch of the case there is clearly no error.

The counsel for the Defendant insists that the Plaintiff should have alleged and proved a demand upon the Defendant to do the breaking before he could recover.　In this we think he is mistaken.　The contract, or promise, made by the

Defendant was to perform certain labor within a given time, no place being designated as to where the breaking was to be done. That in such cases no demand is necessary before suit brought, I will proceed to show.

The distinction between contracts to pay an amount in work and labor, or specific articles, which devolves upon the promissee the necessity of making a demand of the [promissor before a recovery can be had against him, and those in which no demand is necessary, is this : Where no time or place is designated in the contract for the delivery of the goods or the performance of the labor, then the promisee must make a demand, and there must be a refusal to comply on the part of the promisor before he is in default. In such cases the contract is simply to perform the stipulated act, not at any specific time, or at any particular place, and so long as the promisor holds himself in readiness to make good his promise, he cannot be said to have failed.

" Where A gives B. a note payable in specific articles, no time or place of payment being mentioned, it must be taken to be their understanding that A should not deliver the articles until requested by B, and that the time of payment was left with B to settle, as might suit his convenience."

" Where a merchant gives a due bill to A, payable in goods, and no time or place of payment is designated, the due bill contains an acknowledgment that A has paid in advance for the amount of goods therein expressed, and a promise is implied on the part of the merchant, that whenever A shall call at his store and present the due bill, he will deliver to him such articles as he shall select out of the goods on hand."

If a cabinetmaker or a blacksmith give a due bill, payable in work, and no time or place of payment is designated, the shop or warehouse of the mechanic is the place of payment, and the holder has the right to call from time to time for such articles, and for the performance of such work as he shall choose within the line of the mechanic's business. *Chipman on Contracts, pp.* 23–30; *Cowan's Treatise, Vol.* 2, 255–6; *Vance vs. Bloomer,* 20 *Wend.,* 196; *Lobdell vs. Hopkins,* 5 *Cow.,* 516.

Where the time of performance is designated, but no place,

as in the case at bar, it is the duty of the promisor to perform, within the time limited, without waiting for a demand ; but his obligation may be varied according to the nature of the contract. If it be for the delivery of portable articles, such as grain, salt, cattle, furniture, or the like, the debtor may usually deliver them at the mill, warehouse, farm, or residence of the creditor, as would be suitable under the circumstances of each case, and in accordance with a reasonable and probable understanding of the parties. *Goodwin vs. Holbrook*, 4 *Wend.*, 337.

Where the articles to be delivered are cumbrous, the debtor should first seek the creditor and know where he will appoint to receive them, and there they must be delivered, when he appoints a reasonable place, or such an one as might have been in the contemplation of the parties when they contracted. *Barns vs. Graham*, 4 *Cowan*, 452. Or if the parties meet, although accidentally, where the goods are, at the proper time of delivery, they may be delivered there. *Singerland v. Morse*, 8 *John*, 474–7. Should the creditor be called on to name a place of delivery, and refuse to do so, the debtor might, beyond all doubt, elect some reasonable place himself, which he should do, giving notice thereof to the creditor. 1 *Wash.*, 326–9 ; or he may plead the creditor's refusal specially in discharge of his obligation. 2 *Penn. R.*, 71, *Chipman on Contracts*, 23–27.

Where both time and place of performance are stipulated, the debtor must, of course, perform in accordance with the contract, without demand.

The contract in the case at bar was to break a certain amount of land within a given time, no place being designated as to where the breaking was to be done. If the Plaintiff did not appoint a place, it became the duty of the Defendant to seek him, and request that he should do so ; and if he selected a place reasonable in reference to the probable understanding of the parties at the time of making the contract, the Defendant should have performed at such place. If he had refused to appoint a reasonable place, or had selected one manifestly without the meaning of the contract, the defendant could have pleaded either of such facts in discharge

of his obligation.   But as the Defendant allowed the time to elapse without any effort to perform on his part, the contract became a money demand on his default, and the Plaintiff could maintain an action for the price of the horse agreed upon, with interest from the time of the failure, by way of damages.   It was this that the jury allowed him by their verdict, and we think the judgment entered upon it should be affirmed.