WIDNER *v.* WALSH.

1. To enable a party to recover in an action upon a due bill payable in specific property, no time being mentioned, a demand is necessary. Otherwise when time and place are specified.

2. A contract for the delivery of property being entire, the promisee is not bound to receive a part, though the parties may, by consent, sever the contract.

3. In an action upon two due bills payable in specific property, one requiring demand, the other not, and the parties having severed the contract by delivering and receiving part of the property from time to time, *held*, that the plaintiff, to maintain his action, must show a demand and refusal as to the first due bill, and as to the residue remaining undelivered on the second.

4. A personal demand elsewhere than at the place designated in a due bill for the delivery of personal property is good, unless met by an offer to pay at the designated place.

5. A right of action, which has accrued by reason of a refusal upon demand to deliver specific articles of property according to contract, is waived by a subsequent demand, if the party upon whom the demand is made indicates a readiness to deliver according to contract.

## *Error to Probate Court of Boulder County.*

THIS was an action commenced before a justice of the peace by Walsh, the defendant in error, against Widner, the plaintiff in error, upon two due bills payable in property. Judgment having been rendered against Widner, he appealed to the probate court, when a trial was had before a jury. A verdict was rendered in favor of Walsh, upon which judgment was entered for $150.99 damages and $413.40 costs. To reverse this judgment Widner prosecutes this writ of error.

Mr. ALPHEUS WRIGHT, for plaintiff in error.

Messrs, BERKLEY & BLAKE, for defendant in error.

ELBERT, J. This was an action brought by Walsh against Widner on two due bills payable in property as follows:

"BOULDER, *August 31st*, 1874.

Due E. M. Walsh fourteen thousand brick at my kiln north of Boulder.						AMOS WIDNER."

The other due bill differed from the preceding only in that it was "due thirty days after date."

Upon the first mentioned due bill demand was necessary to entitle the plaintiff to recover. *Lobdell* v. *Hopkins*, 5 Cow. 516; *Vance* v. *Bloomer*, 20 Wend. 196; *Stewart* v. *Smith*, 28 Ill. 397; *Bilderbunk* v. *Burlingame*, 27 id. 397.

Upon the second, time of payment and place of delivery being both specified, no demand was necessary. It was for the maker to move. *Vance* v. *Bloomer*, 20 Wend. 196; 2 Pars. on Cont. 651, note (*m*) and cases there cited.

Upon such a contract, the maker is bound to deliver the whole, for the contract is entire, and the promisee is not bound to receive a part. The parties may, however, by consent, sever the contract, delivering and receiving a part, from time to time, when it becomes a contract for the residue. No question arises as to the defendant's readiness and ability to comply with this contract at the time it became due. Brick appear to have been delivered upon this due bill to the plaintiff, from time to time, as suited his convenience. These acts of the parties, the one in receiving and the other in delivering, from time to time, a part of the brick due, had the effect to sever the entirety of the contract, and to make any remaining, undelivered portion due on demand. *Vance* v. *Bloomer*, 20 Wend. 196; *Roberts* v. *Beatty*, 2 Penn. 69.

It was, therefore, necessary for the maintenance of his action that the plaintiff should show a demand and refusal as to the first due bill, and as to the residue remaining undelivered on the second. A personal demand elsewhere than at the kiln was good, unless met by an offer to pay at the kiln. *Rice* v. *Churchill*, 2 Denio, 145; *Higgins* v. *Emmons*, 5 Conn. 76.

There was much conflicting evidence respecting a number

of demands made at different times and places by the plaintiff, and refusals by defendant. The last demand appears to have been made in front of the "Colorado House." Respecting this demand the plaintiff testifies that the defendant "muttered something that he did not hear." Buttles testifies that the defendant said something, but he could not understand what it was. The defendant testifies that in response to this demand, he told the plaintiff he could have the brick, if he sent out for them. Kirshberg testifies that the defendant responded "you shall have them." Harris testifies that the defendant responded " all right."

If at any time the defendant refused, on demand, to deliver the brick according to contract, an action accrued to the plaintiff, but if the plaintiff subsequently made another demand for the brick, and the defendant, in response, indicated his willingness and readiness to deliver according to contract, then the plaintiff waived his right of action on all former demands and refusals, and was bound to receive the brick. *Buck* v. *Buck*, 18 N. Y. 337; *Gould* v. *Banks*, 8 Wend. 562.

The defendant asked an instruction substantially to this effect, and the court erred in refusing it.

The second, third, fourth and fifth instructions given by the court on behalf of the plaintiff, in this view, were also erroneous. Each went to a distinct demand, and instructed the jury that if there was a refusal, the plaintiff was entitled to recover, ignoring the law in case the jury found a subsequent and last demand by the plaintiff, and a readiness upon the part of the defendant to deliver the brick according to contract.

The judgment is reversed and the case remanded for further proceedings according to law.

*Reversed.*