## COSAND v. BUNKER.

1. Where a defendant agreed to pay for the surrender up of a lease "$850, $50 of said sum to be paid by a surrender to plaintiff of his note for $50 then held by defendant, and the balance in money," *held*, that the agreement was to pay $850, $50 of which could be paid by the note; and that it was not a contract to pay $800 and surrender up the note. *Held, further*, that a demand for payment of "the money" was substantially a demand for the note also, and a failure to pay authorized plaintiff to sue for the $850, and recover that amount.

2. When a note or contract for a sum certain is payable in specific articles of personal property, but no time or place is designated in the note or agreement for the payment, a demand must be made by the creditor of the debtor for payment of the specific articles, and refused, before the creditor is entitled to recover the amount of the note or contract in money.

3. In the absence of evidence to the contrary, the law presumes that the amount appearing to be due upon a promissory note is its value.

4. Contracts within the statute of frauds, not reduced to writing, are not illegal, but only incapable of being enforced against a defendant without writing, an immunity which a defendant may waive. The failure to object to parol evidence of a contract that the statute prescribed shall be in writing to be binding upon a party, *held* to be such waiver.

5. A defendant is not required to plead the statute in order to avail himself of the protection of it, but may do so by objecting to the introduction of any evidence except such as the statute prescribes.

6. Is it necessary, under our statute, that a contract for the surrender of leased premises be in writing, *quœre?*

(Syllabus by the court.    Opinion filed Oct. 20, 1891.)

Appeal from circuit court, Minnehaha county.. Hon. FRANK R. AIKENS, Judge.

Action by Charles Cosand to recover $850 from Lydia Bunker for the surrender of certain leased premises and sale of an interest in personal property. Plaintiff had judgment. Defendant appeals. Affirmed.

The facts are fully stated in the opinion.
*McMartin & Carland* for appellant.

The trial court erred in refusing to instruct the jury as requested by defendant, that if defendant did agree to pay plaintiff $500 for a cancellation of the lease and a surrender of the possession of the premises, still plaintiff could not recover as the contract was not in writing, unless the defendant went into possession of said land under said contract. §§ 3245, 3544, 3222, Civil Code; Bailey v. Wells, 8 Wis. 141; Jackson v. Gardner, 8 Johns. 404.

A defendant may take advantage of the statute of frauds without pleading it. Bliss Code Plead. § 353; Livingstone v. Smith, 14 How. Pr. 490; Duffy v. O'Donovan, 46 N. Y. 223; 1 Boone Code Plead. § 68.

*Davis, Lyon & Gates* for respondent.

The statute of frauds has no application to an executed agreement. Remington v. Palmer, 62 N. Y. 31; Worden v. Sharpe, 56 Ill. 104.

By not objecting to the introduction of oral evidence of the agreement, the defendant waived her rights under the statute

of frauds.    Bommer v. Am. Spiral, etc., Co., 81 N. Y. 468; Montgomery v. Edwards, 46 Vt. 151.

Defendant had the privilege of paying $50 of the contract price by surrendering to plaintiff his note.  By not tendering the note to plaintiff she waived her option and the sum became due in money.   Perry v. Smith, 22 Vt. 301;  Wood v. Beeman, Brayt. 226; Wainwright v. Shaw, 15 Vt. 219; Way v. Wakefield, 7 Vt. 223.

The specific property being a promissory note was *prima facie* worth its face value.   Booth v. Powers, 56 N. Y. 22; Thayer v. Manley, 73 N. Y. 305.

CORSON. P. J.   This was an action to recover the sum of $850 for the surrender of certain leased premises and sale of an interest in personal property.   Verdict and judgment for plaintiff.   Motion for a new trial made and overruled. Defendant appeals to this court from judgment and order. The plaintiff, in his complaint, alleges that in March, 1888, he leased certain real estate and personal property in Minnehaha county from defendant for a term of three years; that in October, 1889, defendant agreed that, if plaintiff would surrender to her the possession of all of said premises, and sell to her his undivided one-half interest in the personal property on said premises, (with certain exceptions,) she would pay him therefor the sum of $850, $50 of said sum to be paid by the surrender to the plaintiff of his promissory note for that sum, held by defendant, and the balance in money; and that thereupon plaintiff did vacate and surrender the possession of said premises, and delivered to defendant his undivided interest in said personal property.   The plaintiff also set out in his complaint a prior agreement, alleged to have been made in August, 1889, in which he agreed on his part to surrender up to defendant the leased premises for the sum of $500, which defendant agreed to pay.   All that appears from the complaint and evidence to have been done under this agreement was the payment to plaintiff of the sum of $5 by an agent of defendant. All the allegations of the complaint were denied, except the execution of the lease, and a qualified admission of the alleged

August agreement to pay $500 for the surrender of a part of the leased premises. On the trial, the facts as alleged in plaintiff's complaint were substantially sustained by the evidence introduced on the part of plaintiff.

1. It is contended by the counsel for defendant that there was no testimony in the case showing that defendant agreed to pay $850 in money, and hence the judgment for $850 is erroneous. It is alleged in the complaint that defendant promised and agreed to and with the plaintiff that she would pay him for the surrender of said lease and undivided interest in personal property the sum of $850, $50 of said sum to be paid by surrender to plaintiff of his note for $50, then held by defendant, and the balance in money. It is stated in the bill of exceptions that "the undisputed testimony of the plaintiff was that $50 of the $850 was to be paid by the surrender of a note for $50, then held by defendant against the plaintiff." From the complaint and statement in the abstract we are of the opinion that the agreement was to pay $850, a part of which could be paid by a surrender up of the note; and that it was not a contract, as contended by counsel for defendant, to pay $800, and surrender up the note. The sum to be paid was fixed absolutely at $850, with the privilege on the part of defendant to pay $50 of that amount by a surrender up of the note held by her against the plaintiff. The defendant insists that no demand was made upon the defendant for this note, and therefore plaintiff could not recover the $50 that could have been paid by the note of plaintiff held by defendant. The rule no doubt is that when a note or contract is for a certain sum, payable in specific articles of personal property, and no time or place is designated in the note or agreement for the payment, a demand must be made by the creditor of the debtor for payment of the specific articles, and refused, before he is entitled to recover the amount of the note or contract in money. 2 Pars. Cont. p. 649; Lobdell v. Hopkins, 5 Cow. 516; Vance v. Bloomer, 20 Wend. 195; Rice v. Churchill, 2 Denio, 145. But we think such a demand was alleged and proved in this case. In the fifth paragraph of the complaint it is alleged

"that the defendant has not paid said sum of eight hundred and fifty dollars, nor any part thereof, nor surrendered to the plaintiff his said note, though often requested so to do, but refused, and still does refuse, to pay the same." And in the bill of exceptions in the abstract a part of plaintiff's evidence is that a day or two after the alleged agreement plaintiff "notified the defendant that he had moved, and demanded the money, and that she did not pay it." It is true, it is not stated that he also demanded the surrender up of the $50 note, but inasmuch as the $800 in money was the principal sum, we think the demand necessarily included the note, especially as this demand is not controverted in defendant's testimony. Defendant also contends that there was no proof made of the value of the note, and hence it was error in the jury to fix its value at $50. In our view of the agreement, the value of the note, if material, was fixed by the parties themselves at $50; but even if this were not so, in the absence of proof to the contrary, the law presumes that the amount appearing to be due upon the note was its value. Booth v. Powers, 56 N. Y. 22; Thayer v. Manley, 73 N. Y. 305; Ingalls v. Lord, 1 Cow. 240; Sedg. Dam. (2d Ed.) 488; Comp. Laws, § 4615. The decisions cited were made in cases of tort for a conversion of the property, but we think the presumption is applicable to any case in which the value of a promissory note is in issue, subject, of course, to the right of a defendant to show that by reason of the insolvency of the maker, or other cause, the note is of less value. The defendant has less reason to complain that the judgment includes the $50 note, as it was the subject for a counter-claim, and could have been recovered in this action had it been pleaded by the defendant.

2. Defendant's counsel further contends that the court erred in refusing to give the following instruction, requested by defendant: "The jury are instructed that, if they find from the evidence in the case that the defendant did agree to pay the plaintiff $500 for a cancellation of the lease and a surrender of the possession of the whole premises, then plaintiff cannot recover said sum, for the reason that said contract was

not reduced to writing, unless the jury further find that the defendant went into possession of said land under said contract." We are of the opinion that the refusal to give this instruction was not error, under the evidence in this case. The August agreement as to the surrender of the premises and payment of $500 was given in evidence, and admitted without objection. It was too late, therefore, after the evidence was closed, and the case about to be submitted to the jury, to interpose the objection. Contracts within the statute of frauds, not reduced to writing, are not illegal, but only incapable of being enforced against a defendant without writing,—an immunity which the defendant may waive. And this requirement of the statute may be waived by a defendant by a failure to object to parol evidence of a contract that the statute prescribes shall be in writing to be binding upon a party. This question was fully considered and decided by this court in the case of McLaughlin v. Wheeler, 47 N. W. Rep. 816. As bearing upon this question in addition to the cases cited in that opinion, see Brown, St. Frauds, (4th Ed.) § 135; Montgomery v. Edwards, 46 Vt. 151; Bommer v. Manufacturing Co., 81 N. Y. 468; Ames v. Jackson, 115 Mass. 508; Dock Co. v. Kinzie, 49 Ill. 289; Cahill v. Bigelow, 18 Pick. 369; Huffman v. Ackley, 34 Mo. 277; Houser v. Lamont, 55 Pa. St. 311; Howard v. Sexton, 4 N. Y. 157. It is also contended that it was not necessary for the defendant to plead the statute in this case, in order to avail herself of its protection. We agree with counsel in this proposition. Defendant could, no doubt, have objected to the evidence, and it would have been the duty of the court to exclude it; but, as we have before seen, she could waive the protection of the statute made for her benefit. In discussing this question we have assumed that the alleged August contract for the surrender of the lease, to be binding, should have been in writing, and that the parol evidence of such agreement, if objected to at the proper time, would have been inadmissible to prove the contract; but it may be a serious question under the provisions of our statute whether such an agreement is required to be in writing. It will be observed on reading our statute that the term "sur-

rendered" is not used. By the English statute of frauds, (29 Car. II. c. 3,) which has been substantially followed by most of the states, it is provided that "no leases, etc., * * * shall be assigned, granted, or surrendered, unless," etc. And the statutes of frauds of Wisconsin and New York, from which counsel for defendant cites authorities, contain this term "surrendered." But, as a determination of the question is not necessary, in the view we have taken of this case, we express no opinion upon it at this time. We have considered all the objections of counsel for the defendant, and, finding no error in the record, the judgment of the court below must be affirmed, and it is so ordered. All the judges concurring.