[No. 1386.]

MILLER ET AL. v. SLAGHT.

1. CONTRACT—PERFORMANCE—DEMAND—WAIVER.
Under an agreement to convey town lots in payment for services, a demand for settlement is a sufficient demand for performance, on failure of which an action for money judgment on *quantum meruit* may be maintained. An offer to convey lots that are incumbered is not a sufficient tender of performance, but is a waiver of demand for performance.

2. JUDGMENTS—REASONS OF COURT.
A judgment will not be reversed because the reasons given by the court are erroneous, if there is sufficient in the record to sustain it on other grounds.

3. CONTRACT TO CONVEY LAND—PERFORMANCE.
Under a contract to pay for services by conveying town lots, it must be so specific and definite as to be enforceable by suit for specific performance, to make demand and refusal to convey, conditions precedent to suing on *quantum meruit*.

*Appeal from the County Court of Arapahoe County.*

Mr. CHAS. M. BICE, for appellants.

Mr. THOMAS B. STUART and Mr. CHARLES A. MURRAY, for appellee.

WILSON, J., delivered the opinion of the court.

This suit was commenced in the court of a justice of the peace, and there are no written pleadings. The plaintiff,

Mrs. Slaght, was a teacher of music.  As such, she gave vocal and instrumental lessons to Mrs. Miller, one of the defendants and wife of the other defendant, and their daughter, commencing in 1893 and extending to some time in 1894. This action was on an account for the value of the services rendered, and a money judgment was rendered in favor of plaintiff both by the justice of the peace and in the county court to which it went on appeal.  There was no dispute as to the amount nor value of the services.  It is contended by defendants that the services were rendered under a verbal contract whereby the plaintiff agreed to receive her compensation in town lots ; that in such case, before plaintiff could institute the suit which she did on *quantum meruit*, it was necessary that she should have first made a demand upon defendants for a compliance with their contract to convey the town lots, and that defendants should have refused ; that no such demand was made, and hence the court had no right to render a money judgment.

The terms of the contract relied upon were exceedingly indefinite and uncertain, and the testimony in support of it is very vague and doubtful.  According to defendants' version of it, the lots to be conveyed were not specified to have been or to be in any particular town or locality, nor of any particular value, nor was any special number of lots required. According to plaintiff's testimony, she was to receive two lots in Belleview, but what particular lots, or lots of what value, were not designated.  Her version of it, however, seems to be based more upon her expectation growing out of casual conversation than from any special promise on the part of defendants to convey lots in that particular town.  In the summer of 1894, during the vacation of the music school, there seems to have been some conversation between the parties in which plaintiff was asked by defendant if she was willing to take lots in Montclair if the lessons were continued.  Her reply appears to have been as indefinite as everything else connected with this contract.  It was, that it would be all right if she were given two desirable lots.  Defendants admit

that the contract as claimed by them could not have been specifically enforced, being too indefinite in its terms to sustain an action for specific performance. If this be conceded, was any demand of performance necessary to have been made by the plaintiff? Under the circumstances of this case as presented by the record, it would seem to be extremely doubtful. From the evidence adduced, it is difficult to determine whether or not any contract, as a contract is legally defined, was entered into by which the lots were to be received in payment. Did the minds of the parties come into complete accord, the one consenting to exactly the same thing to which the other did? The evidence is hardly sufficient to support such a conclusion. Suppose that the defendants had in apt time tendered to plaintiff a deed to two lots in either Montclair or Belleview, would the plaintiff have been obligated to accept it in full satisfaction of her claim without any discretion on her part, or could she have been permitted to refuse on the ground that the lots were not of sufficient value, or that they were not in the locality where she had been induced to believe the lots were to be situate? If plaintiff could permissibly make this reply to one offer of conveyance, she might do so to a second or a third, and so on indefinitely. We suggest these questions merely for the purpose of showing the extreme difficulty of maintaining the position assumed by defendants. We do not propose to answer them, because it is not necessary to the determination of this cause. There was evidence to the effect that a demand was made by the plaintiff. She testified that in the interval of seven or eight months between the time when the parties stopped taking lessons and the commencement of this suit, she upon a number of times demanded of defendants a settlement. This was sufficient. If a demand was necessary, it was not required to be in any particular language, form or manner. It gave to defendants notice that plaintiff required them to comply with their agreements in reference to compensating her for her services, whatever those agreements may have been, and the failure of defendants to comply was a refusal. More-

over, it may be said that defendants waived any demand. It appears that after the claim of plaintiff was placed by her in the hands of attorneys for collection, the defendants offered to convey certain lots in Montclair. These lots were incumbered, however, to the extent of several hundred dollars, and the offer was refused. This offer was a waiver of any necessity, if there was one, for a demand, and also of any right of defendants to plead a want of demand in bar of the present action. Neither can it be contended that plaintiff was under legal obligation to accept the tender of a conveyance of the incumbered lots. The fact of the incumbrance alone would have excused her from this obligation, even if the contract had been as defendants assume. Under such a contract, the obligation of defendants could have been complied with only by a tender of, or by an averment of readiness and willingness to execute a deed that would vest the complete title to the property conveyed in the plaintiff. *Goodwine v. Morey*, 111 Ind. 69; *Croninger v. Crocker*, 62 N. Y. 151.

The finding of the county court was in favor of the plaintiff. Thereafter, upon overruling a motion for a new trial, the court said, "I have come to the conclusion that the contract was so indefinite that there was no way to enforce it except by rendering a money judgment." Even if it be conceded that the reason which the court gave for its judgment was erroneous, it does not follow that the judgment should be reversed. *McDonald v. McLeod*, 3 Colo. App. 344. There may be sufficient in the record to sustain the judgment, although the reasons given for it by the court are unsatisfactory. We do not say that the reason given by the court in this instance is unsatisfactory, but we do say that there is sufficient in this record to sustain this judgment upon other grounds. The judgment was proper, was sustained by the evidence, and will be affirmed.

*Affirmed.*

### ON PETITION FOR REHEARING.

PER CURIAM. The opinion announced in this cause is not

in conflict with the well-settled doctrine affirmed in *Widner v. Walsh*, 3 Colo. 549, to which counsel have cited us. The facts in the two cases radically differ, and upon reason and principle the rule there stated cannot apply to the case at bar. In that case the contract called for the delivery to the creditor of 14,000 brick, at the kiln of the debtor. The brick were presumably in the actual possession of the owner and were susceptible of manual delivery. Upon a refusal to deliver, their value would be the measure of the recovery, and this could readily be determined by the market price.

Where the contract is to pay in real estate however, as claimed here, the identical piece of land not being specified nor even its location, nor its value, an entirely different proposition is presented, one to which it is apparent the application of the above-cited rule would be impossible and would not be necessary. Conceding that a demand would be required, it should of necessity be for some specific and definite piece of land, lot or number of lots. Who is to determine this in such a case?

Real estate varies greatly in value according to a variety of circumstances. One lot may be worth vastly more than another lot in the same town. It would be manifestly unfair that the creditor be permitted to say, You shall convey to me this lot or tract of land, and I will accept none other. And equally so would it be to allow the debtor to say, I will convey this and none other. Without violation of the terms of the contract, the creditor might refuse to accept a conveyance of that offered, and the debtor might decline to convey that demanded. If nothing could be accomplished by a demand, why its necessity?

But, say counsel, it was the duty of the creditor to make a selection of the lots desired and then demand a conveyance of them. Surely it cannot be contended that the burden of expense and labor was upon the plaintiff to investigate the public records and ascertain what lots were owned by defendants. If as is suggested the defendants gave to plaintiff a list of their lots and told her to select two in settlement of

the contract, and she failed to notify them of any selection, then such failure was a refusal to accept any, and the act of defendants waived any demand even if necessary in the first instance.

We are clearly of opinion that where a contract is for payment by conveyance of real estate, before the rule can be invoked that there must first be a demand and refusal of conveyance in order to sustain an action to recover the value of the services rendered or the amount paid by the payee, the contract must be so specific and definite in its terms that it could be enforced by a suit for specific performance. This is not such a case.

Moreover, as we have stated, there was evidence of a sufficient demand, if one was necessary. Whatever may have been plaintiff's language in requesting a settlement, as testified to by her, the defendants treated it as a demand for a conveyance by offering to convey to her lots in Montclair. Her failure to accept the offer was equivalent to her refusal.

The opinion may have been in error in saying that the lots in Montclair which defendants offered to convey were shown to have been incumbered, but this is immaterial in the view which we take of the vital issues in the case. The fact of their incumbrance or nonincumbrance is not essential to our conclusions.

The petition for a rehearing is denied.