## HENRY M. SWIGART V. NEPOMUK GENTERT.

FILED DECEMBER 4, 1901.   No. 10,460.

Commissioner's opinion, Department No. 2.

1. **Statute of Frauds.** In an action to recover for services rendered to a third person the general rule is that, if the person for whose benefit the promise was made is himself liable, the promise of the defendant, although made before the services were rendered, is collateral, and within the statute of frauds.

2. **Request for Instructions.** A party who requests instructions which are given to the jury can not afterwards object that the issue so presented was not raised by the pleadings.

ERROR from the district court for Adams county. Tried below before BEALL, J. *Affirmed.*

*Batty, Dungan & Burton* and *John C. Stevens,* for plaintiff in error.

*Tibbets Bros. & Morey, contra.*

SEDGWICK, C.

This action was begun in justice court and afterwards, upon appeal, tried in the district court for Adams county. The plaintiff in error, who was plaintiff below, is a physician and surgeon, and sued to recover from the defendant for services rendered as such physician and surgeon to the defendant's daughter, who was a married woman and was then living with her husband. The answer admitted that the plaintiff was a physician and surgeon, and denied the other allegations of the petition. The trial resulted in a verdict for the defendant, and the plaintiff has brought the case here upon petition in error.

It is insisted that the evidence is not sufficient to support the verdict. The question is, whether the promise of the defendant is within the statute of frauds. We think that the evidence on that point is sufficient to support the verdict of the jury. After the plaintiff had given his testimony the defendant testified as a witness in his own behalf. His evidence is quoted in plaintiff's brief as follows: "That plaintiff called me out; he set in buggy and I walked up to him, then he told me your daughter is pretty sick; I was a little scared you know, so he says I guess I get her through all right. After that he asked me who is going to pay that; I told him I help you see you get it, but I never promised anybody." We think this promise is clearly within the statute of frauds. The general rule is, that if the person for whose benefit the promise is made is himself liable at all, the promise of the defendant must be in writing. Browne, Statute of Frauds [5th ed.], sec. 197. The promise of the defendant is twofold—first, that he would help the plaintiff to collect the bill; and second, that he would see that the plaintiff received his pay. The first part of the promise could not be enforced because of

its indefiniteness; and the second part is, by its very terms, a promise to answer for the default of the parties who would be primarily liable for the services to be rendered. The jury appear to have believed this evidence of the defendant, and we can not say that they were so clearly wrong in so doing as to require a reversal of the judgment. At the time of making this promise a part of the services had been rendered, and as to the claim for the services thereafter rendered the plaintiff in his brief insists that "the promise in the case at bar was not to pay the debt of another, because at the time the promise was made no debt of another existed, and none would have existed had it not been for the promise of the defendant to pay said debt when it should have been created." This contention is that if the promise of the defendant was so far the inducement for plaintiff's services that the services would not have been rendered but for this promise, then the promise is not within the statute of frauds. But this is not the law. The fact that the plaintiff would not render the services upon the responsibility of the daughter and her husband without the additional promise of the defendant to see that the plaintiff received his pay, is not of itself sufficient to take the promise out of the statute. The plaintiff, to support his contention, relies upon *Waters v. Shafer,* 25 Nebr., 225. In that case the defendant agreed absolutely to pay the debt, and the goods were furnished upon the faith of the promise. The language of the promise was: "He said 'let the boys have what goods they wanted, he would pay for them.'" And this was held to be an original promise. The instruction complained of in that case was an incorrect statement of the law, and, as said in the opinion, "ought not to have been given in the language used." But there was no evidence in the case that the defendant therein promised to see the plaintiff paid for the goods. The issue presented was not as to the kind or the character of the promise, but whether or not any promise at all was made; and the jury having found that the promise to pay for the goods was made, the in-

struction complained of, though erroneous, was without prejudice to the defendant. The court said: "If the instruction had been, that if plaintiff in error had told defendant to let his sons have the goods and he would pay him for them, that such a promise, being the basis of the credit given, would be an original one, it would have been correct." And this is undoubtedly a correct statement of the law. But the promise to see the debt of another paid, although it is the basis of extending credit, is still within the statute of frauds. The language of the latter part of the opinion quoted in the plaintiff's brief is not accurate and does not agree with the opinion itself.

The testimony that plaintiff never presented a bill for the services to the defendant was competent and properly admitted. It was proper to be taken into consideration with the other evidence in the case in determining to whom credit was extended.

The plaintiff was asked the question: "How much was due you on account of the treatment of Mrs. Hart?" This was objected to as calling for a conclusion, and the objection was sustained. We think this ruling was correct. It asked the witness to answer the question which was to be submitted to the jury.

The plaintiff offered to prove by himself, while on the witness stand, "that the visits from Roseland to Holstein, and medicine furnished, was of a reasonable value, and worth $128.50." This was objected to for the reason, among others, that it was not admissible under the pleadings. This objection was well taken. There was no allegation in the petition as to the value of the services.

Complaint was made of the modification by the court of the first instruction asked by the plaintiff. But we think the modification correctly stated the law, and is not just cause for complaint. The court may refuse to give an instruction as asked and then modify the instruction so as to properly state the law, and the giving of such instruction so modified will not be error.

It is also complained that the court instructed the jury

that the law would not permit plaintiff to charge for his services an unreasonable amount, unless a specific contract to pay for such services was entered into. If the instruction was erroneous it was not prejudicial in this case, since there was no allegation in the petition of the value of the services, and the plaintiff could recover, if at all, only upon the theory that his petition alleged a specific contract on the part of the defendant to pay the amount stated in the petition. The court having excluded all the evidence as to the value of the services on the ground that there was no allegation of value in the petition, it would seem that the instruction complained of was unnecessary, but we can not say that it was prejudicial to the plaintiff.

It is also complained that the court erred in giving instruction No. 1, asked by the defendant. In this instruction the court told the jury that the plaintiff could not recover if the debt sued for existed at the time the contract was made, unless the contract was reduced to writing. As there was a conflict in the evidence as to whether some of the items of the claim were for services rendered before the making of the contract sued on, this instruction was proper. The court also in this instruction told the jury that the plaintiff must establish by a preponderance of the evidence that the defendant entered into an absolute and unqualified contract to pay for the services. The plaintiff in his brief treats this as an instruction that the plaintiff was required to prove his contract by absolute and unqualified evidence, but it will not bear that construction. It was alleged in the petition that the services were rendered at the defendant's request. There was no allegation that he promised to pay for the services. The court and counsel seem to have wandered somewhat from the issue in the trial of the case, and the plaintiff is not now in a position to complain of this language of the instruction, since no instruction was requested upon the plaintiff's present theory of the case, and the case was submitted to the jury upon the theory, upon the part of the court and both parties, that the issue was, whether the defend-

ant's promise to pay for the services was within the statute of frauds, or was an absolute and original promise. In this condition of the record, we think that the language complained of is not erroneous and prejudicial to the plaintiff, so as to require a reversal of the judgment.

It is also complained that the court in instruction No. 4, referred to in the brief as instruction No. 6, was misleading and conflicting. But we think this instruction was correct. It told the jury the burden of proof was on the plaintiff, and added that if "the evidence in this case is squarely conflicting and the plaintiff does not produce a preponderance of the same, it would be your duty to find for the defendant."

Complaint is also made of instruction No. 5, given by the court. In this instruction the jury was told that if the defendant advanced to the plaintiff $20 for and on behalf of his son-in-law, Mr. Hart, after the services were rendered, such act would not be a confession nor an admission of liability on the part of the defendant for the remainder of the bill. There was evidence upon which to predicate this instruction, and we think it was not erroneous.

The sixth instruction given by the court, in effect, told the jury that in the absence of a specific contract the plaintiff could not recover more than his services were reasonably worth; but as under the issues tried and submitted to the jury in this case the plaintiff could not recover unless there was a specific contract to pay the amount charged, we think this instruction was not prejudicial. We do not find any error in the record requiring a reversal of the judgment.

It is therefore recommended that the judgment of the district court be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.