PHINEAS WILLIAMS V. SAMUEL W. AUTEN ET AL.

FILED FEBRUARY 17, 1903. No. 10,488.

Contract: CONSTRUCTION: COURT: PARTIES. As a rule, courts will adopt the construction which the parties themselves have placed on a contract.

REHEARING of case reported in 62 Neb. 832.

ERROR to the district court for Saunders county: SAMUEL H. SEDGWICK, DISTRICT JUDGE. *Former judgment of reversal adhered to.*

*H. Gilkeson, Conrad Hollenbeck* and *Frank Hollenbeck,* for plaintiff in error.

*Charles H. Slama and Edwin E. Good, contra.*

ALBERT, C.

This case is before us on rehearing. The former opinion, by HOLCOMB, J., reported in 62 Neb. 832, contains a full statement of all the facts necessary to an understanding of the questions discussed.

The only question involved is whether the contract of the defendant Williams was an original undertaking, or merely to answer for the debt or default of another. If the former, the judgment of the district court is right and should be affirmed; if the latter, the promise, not being in

writing, is within the statute of frauds, consequently the plaintiff in error is not liable thereon, and the judgment of the district court should be reversed.

In the body of the former opinion it is said: "In this case the contract was made with and the goods sold to either Williams or Welty, but not to both of them. There is nothing in the record warranting the inference of a joint liability. * * * If one is liable under the agreement, the other is not."

In an opinion by SEDGWICK, C., in *Swigart v. Gentert*, 63 Neb. 157, the rule is thus stated: "In an action to recover for services rendered to a third person, the general rule is that, if the person for whose benefit the promise was made is himself liable, the promise of the defendant, although made before the services were rendered, is collateral, and within the statute of frauds."

The soundness of the rule above stated is not questioned, but the defendants in error insist that the evidence is sufficient to warrant a finding that the promise of the plaintiff in error was an original undertaking, and that he alone was liable to them for the goods sold to Welty. The answer to this is that the parties themselves have placed an entirely different construction on the contract. Courts, as a rule, will adopt the construction placed on a contract by the parties themselves. *Lawton v. Fonner*, 59 Neb. 214; *Hale v. Sheehan*, 52 Neb. 184, 188; *Wittenberg v. Mollyneaux*, 55 Neb. 429, 433. From the facts stated in the former opinion, it is clear that the parties to the contract regarded Welty as primarily liable for the goods; that is, with a full knowledge of the facts, the undertaking of the plaintiff was construed by them as a collateral one, and as a promise to answer for the debt or default of Welty. We are bound by that construction, and the contract thus construed is within the statute of frauds. The former opinion is right, and we recommend that it be adhered to, and that the judgment of the district court be reversed.

AMES and DUFFIE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former opinion is adhered to and the judgment of the district court is

REVERSED.

SEDGWICK, J., took no part in the decision.