SHERMAN v. ALBERTS.

STATUTE OF FRAUDS—PROMISE TO ANSWER FOR DEBT OF ANOTHER
—ORIGINAL OR COLLATERAL PROMISE—WHAT CONSTITUTES.

Where defendants stated to plaintiff "any beef you sell M.
while he is working on our logs we will pay for," and plain-
tiff charged the beef upon his books to M., defendants' agree-
ment was a "promise to answer for the debt of another per-
son," which, under section 9515, 3 Comp. Laws, is required
to be in writing.

Error to Wexford; Chittenden, J.   Submitted June 11,
1908.   (Docket No. 80.)   Decided June 27, 1908.

Assumpsit by Job Sherman against Frank Alberts,
Roy E. Alberts, and Earl Alberts, copartners as F. Al-
berts & Sons, for goods sold and delivered.   There was
judgment for plaintiff, and defendants bring error.
Reversed.

*Stephen H. Clink*, for appellants.

*Gaffney & Miltner*, for appellee.

The defendants are copartners.   They reside in Muske-
gon.   During the winters of 1904-5 and 1905-6 they car-
ried on lumbering operations in the county of Missaukee.
They let a contract to a jobber named McGill.   Their
superintendent was one Thompson.   Plaintiff supplied
McGill with meat for the use of his men.   Before doing
this, as he testifies, the following conversation occurred
between him and Thompson:

"I asked Mr. Thompson if I sold McGill beef, would
he pay for it, and he said, yes, any beef you sell Mr. Mc-
Gill while he is working on our logs we will pay for.'

Under this arrangement beef was sold during both sea-
sons.   It was charged upon plaintiff's books, "meat sold

to McGill." It was all paid except a balance of $161 and some cents. For this balance plaintiff obtained an order from McGill which defendants refused to pay. He brought this suit and recovered a judgment which defendants ask us to reverse.

CARPENTER, J. (*after stating the facts*). The important question for our consideration is this: Was the agreement testified to by plaintiff a "promise to answer for the debt * * * of another person," required to be in writing by section 9515, 3 Comp. Laws? We think it was. From the terms of the agreement itself, and from the construction placed upon it by plaintiff, it must be inferred that the contractor, McGill, was his debtor for these goods. Being a debtor he could have been nothing less than the primary debtor. The obligation of the defendants was, then, that of a guarantor or surety. It was a promise to pay the debt of another and void because it was not in writing. While the language used differs somewhat from that in *Butters Salt & Lumber Co.* v. *Vogel*, 130 Mich. 33, it is ruled by that case. It follows that the trial court erred in refusing to direct a verdict for defendants. No other complaint demands discussion.

Judgment reversed and new trial ordered.

GRANT, C. J., and HOOKER, MOORE, and McALVAY, JJ., concurred.