## HARN et al. v. PATTERSON.

No. 6932.   Opinion Filed July 25, 1916.
Rehearing Denied November 21, 1916.

(160 Pac. 924.)

1.   **FRAUDS, STATUTE OF—Operation and Effect—Waiver.** Under section 847, St. 1890 (section 941, Rev. Laws 1910), a special promise contract to answer for the debt, default, or miscarriage of another is invalid, at the option of the promisor, unless the same be in writing and be subscribed by him or his agent, but such invalidity is waived where oral evidence of such contract is admitted without objection upon the ground of such invalidity and the trial is concluded without the interposition of this statute as a defense.

2.   **TRIAL—Action for Price—Instructions.** Where the court first instructs the jury to the effect that, if plaintiff sold and delivered certain material to defendants and the latter agreed to pay a stipulated price therefor, he is entitled to recover that amount for them, and in a second instruction to the effect that he is entitled to recover the fair value of said material as against such defendants, if any, as may be found to have used the same, and in a third instruction to the effect that no recovery could be had against H. and W., two of the four defendants, unless

they agreed personally with plaintiff to pay for said material, these instructions, construed together, are not subject to the objection that they authorize a recovery against H. and W. for said material upon the ground of its use alone, especially in view of a state of evidence clearly showing its use by another defendant and less clearly tending to show its use by all the four defendants.

3. **APPEAL AND ERROR — Pleading — Amendment of Pleading — Amendments Regarded as Made.** The amendment of a plea which ought to have been allowed, if leave to make it had been asked in the trial court, to conform it to the evidence adduced without objection or by the adverse party will be regarded in this court as having been made.

(a) Where the evidence adduced by a defendant, to refute the theory upon which plaintiff seeks to recover, would sustain a verdict and judgment against him upon a theory which might have been presented by the plaintiff in another count of his petition, the trial court ought to allow an amendment, if asked, alleging such other count.

4. **SAME—Review—Harmless Error.** Under section 6005, Rev. Laws 1910, no judgment will be set aside or new trial granted by this court on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of this court, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

(a) After an examination of the entire record in this case it does not appear that any error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of any constitutional or statutory right.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;
Edward Dewes Oldfield, Judge.*

Action by L. E. Patterson against W. F. Harn and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Choate & Choate* and *Burwell, Crockett & Johnson,* for plaintiffs in error.

*H. A. Kroeger* and *Ledbetter, Stuart & Bell,* for defendant in error.

THACKER, J.  Plaintiffs in error will be designated as defendants, and defendant in error as plaintiff, in accord with their respective titles in the trial court.

Plaintiff commenced this action on July 16, 1912, to recover of defendants $15,514.85, of which $13,717.79 is claimed as principal and $1,779.06 is claimed as accrued interest, as the balance due on account of material of the value of $19,098.17, sold and delivered to defendants in 1909 for use in the construction of a railway, and for which defendants verbally agreed to pay him said sum, $19,098.17, and upon which they paid $5,380.38.

The plaintiff's petition directly alleges and the evidence adduced in his behalf directly shows the facts to be, in substance, as stated in the last preceding paragraph; and it does not appear necessary to a discussion and decision of this case more fully to set out the pleadings and evidence in his behalf.

The defendants Harn, Hurst, and Winans, averring together, and the defendant Oklahoma City Land & Development Company, averring for itself, all in one answer, deny purchasing, and deny promising to pay for, any of the material alleged in plaintiff's petition to have been sold and delivered to them; and all of these defendants further allege that the Oklahoma Interurban Traction Company and the Hubb Construction Company, and not this plaintiff, owned said material at the time of plaintiff's alleged sale and delivery; but the Oklahoma City Land & Development Company admits in its averments that it received such material from the Oklahoma Interurban Traction Company and the Hubb Construction Com-

pany, although it does not admit receipt of the full amount of the same alleged in plaintiff's petition.

There was a cross-complaint by defendants, demanding damages against plaintiff for an alleged breach of the consolidation agreement hereinafter stated and a reply thereto by the latter; but these pleadings appear to raise no issue that need be stated here, for the reason that the trial court sustained a demurrer to defendants' evidence in support of that petition, to which ruling no exception was taken; and there is no question here arising out of that action of the trial court.

The evidence adduced in behalf of defendants was to the effect that the Oklahoma City Land & Development Company received from the Oklahoma Interurban Traction Company and the Hubb Construction Company a portion of said material, of the value of $5,380.38 prior to October 4, 1909, and on this date paid $4,105.70, and on October 19, 1909, $1,274.68 to the said Oklahoma Interurban Traction Company in full satisfaction for the same; that on said October 4, 1909, the plaintiff, as owner of a major portion of the stock in the Oklahoma Interurban Traction Company and the Hubb Construction Company, and claiming to represent each of these two companies, entered into an agreement with said Oklahoma City Land & Development Company through the defendants Harn, Hurst, and Winans, and one Hare, who together owned all the stock in this company and acted for it in said agreement; that by the terms of said agreement the Citizens' Traction Company should forthwith be organized by the plaintiff and said Hare, Harn, Hurst, and Winans as stockholders therein, and should take over by transfer all of the property and assets of the Oklahoma Interurban Traction Company and Hubb Construction Company, including all the

material mentioned in plaintiff's petition, and all of the railway property and assets of the Oklahoma City Land & Development Company; that the Oklahoma City Land & Development Company should, in the meantime, use said material in the construction of the proposed line of railway and transfer the same to the Citizens' Traction Company as a part of its railway property and assets; that the Oklahoma City Land & Development Company should issue to plaintiff one-third of its capital stock and the Citizens' Traction Company should issue to him one-third of its capital stock, and the latter company should also issue to him its first mortgage bonds in the sum of $100,-000, in full satisfaction for the said property and assets of the Oklahoma Interurban Traction Company, the Hubb Construction Company, and of the plaintiff himself; that all the material mentioned in the plaintiff's petition, except the amount so paid for on October 4 and 19, 1909, was received and used by the Oklahoma City Land & Development Company after said consolidation agreement had been entered into and under and by virtue of said agreement for the purpose of immediate use in the construction of said line of railway, and thereupon for the purpose of being transferred as aforesaid to the said Citizens' Traction Company; that neither the Oklahoma City Land & Development Company nor the defendants Harn and Winans agreed to pay plaintiff, or any one else, for said material, or any part of the same; that the said Citizens' Traction Company was organized in November, 1909, in accordance with said consolidation agreement, and the plaintiff was elected president of the same and a member and chairman of its board of directors; that plaintiff received one-third of the stock in the Oklahoma City Land & Development Company, although this was delivered to

him without authority; that the defendants offered to plaintiff to transfer the railway property of the Oklahoma City Land & Development Company to the Citizens' Traction Company, and at the same time demanded of plaintiff a transfer of the property and assets of the Oklahoma Interurban Traction Company and of the Hubb Construction Company in accord with the terms of said consolidation agreement, but the plaintiff refused to and did not make such transfer; that the consolidation agreement was thus breached by plaintiff, and that thereafter the Oklahoma City Land & Development. Company, acting through the actually personal defendants as its officers, transferred its railway property to the Capital Traction Company, a company organized by the defendants, instead of the Citizens' Traction Company.

The plaintiff, in rebuttal, denied any such consolidation agreement as that to which defendants testified; he denied that there was any agreement under which any of the material mentioned in his petition was delivered to defendants or either of them, except in the sale and purchase alleged and testified to by him; but he admitted conversational negotiations by all of the other parties with himself, directed toward a consolidation agreement which he was inclined to favor, and also admitted receipt of certificates issued to him for one-third of the stock of the Oklahoma City Land & Development Company, with the explanation, however, that the same were voluntarily delivered to him by Mr. Hare, and later destroyed by him when he found that defendants denied Mr. Hare's authority to make such delivery.

It will be understood from what has already been said that, although plaintiff's petition alleges the value of the material, and thus exhibits a distinguishing feature of the

common count of *quantum valebat* or *indebitatus,* in general *assumpsit,* the petition is in the nature of one in special *assumpsit* by reason of the allegation of a verbal, and thus an express, promise by defendants as the basis ·of the action.

It will also be understood from what has been said that the answer is in effect a plea of *non assumpsit,* and presents the general issue under which the defendants are entitled to show almost every defense which tends to prove that no debt was due at the time when the action was commenced and certainly all such defenses as arise from any inherent defect in the original promise, express or implied, if not all such as arise from an extinguishment of the liability after it was incurred. 5 Corpus Juris, 1405; 2 R. C. L. sec. 28, p. 771. '

The case was tried to a jury upon four propositions embodied in the instructions of the court to the effect that: (1) The plaintiff was entitled to recover if it was found that he sold and delivered said material to defendants and the latter agreed tô pay said amount therefor; that (2) the plaintiff was entitled to recover the fair valuation of said material as against such of the defendants, if any, who might be found to have used said material; that (3) the plaintiff was entitled to recover of the Oklahoma City Land & Development Company the value of said material if the latter used the same, although such material was obtained under a contract of construction, unless this defendant had made or tendered full performance of said contract on its part; and that (4) the plaintiff was not entitled to recover of defendants, or either of them, if the plaintiff delivered said material to the Oklahoma City Land & Development Company, under a contract of consolidation upon which it

made or tendered full performance of all conditions precedent on its part.

There was a verdict and judgment for the plaintiff for the amount he demanded against the defendant Oklahoma City Land & Development Company, and the defendants Harn and Winans.

The defendants assign error and seek a reversal upon the following propositions:

First.   The defendants say, in effect, that, assuming all the evidence and every reasonable inference that may be deduced therefrom in favor of plaintiff is true, the defendants Harn and Winans are not liable because no note or memorandum of their contract to pay was in writing and subscribed by them, as required by section 847, Statutes 1890 (section 941, Rev. Laws 1910), to bind any one to answer for the debts, etc., of another, and their promise was merely collateral to the debt of the Oklahoma City Land & Development Company, in view of the fact that all of said material was sold and purchased 'for the use and benefit of this company, and the defendants Harn and Winans had no personal, immediate, and pecuniary interest in the transaction, under the rule that, one *quid pro quo* cannot give rise to distinct debts and no joint indebtedness could arise out of this transaction.   8 Modern Am. L. 186, 187; 8 Harvard L. Rev. 262-264; Browne on Statute of Frauds (5th Ed.) secs. 197-199, pp. 249-255; *Waldock v. First National Bank of Idabel,* 43 Okla. 348, 143 Pac. 53; *Kesler v. Cheadle,* 12 Okla. 489, 72 Pac. 367; *Davis v. Patrick,* 141 U. S. 499, 12 Sup. Ct. 58, 35 L. Ed. 826; *Emerson v. Slater,* 22 How. 28, 16 L. Ed. 360; *DeWolf v. Jacques Raband,* 1 Pet. (26 U. S.) 476, 7 L. Ed. 227; *Williams v. Auten,* 62 Neb. 832, 87 N. W. 1061, on rehearing, 68 Neb. 26, 93 N. W. 943; *Hurst Hardware Co. v. Goodwin,* 68 W.

Va. 462, 69 S. E. 898, 32 L. R. A. (N. S.) 598, Ann. Cas. 1912B, 218; *Bloom v. McGrath and Compton,* 53 Miss. 249; *Sherman v. Alberts,* 153 Mich. 361, 116 N. W. 1090, 126 Am. St. Rep. 486; *Matthews v. Milton,* 4 Yerg. (Tenn.) 576, 26 Am. Dec. 247; *Ind. Trust Co. v. Finitzer,* 160 Ind. 647, 67 N. E. 520; *Welch v. Marvin,* 36 Mich. 59; *Swigart v. Gentert,* 63 Neb. 157, 88 N. W. 159; *Pettit v. Braden,* 55 Ind. 201. We deem it unnecessary, however, to decide this question in view of the fact that the defense of the statute of frauds, not only does not appear to have been interposed by objection to the verbal evidence of such promise, but does not appear to have been interposed at any time during the trial; and although such denial as is made in the answer of defendants is as effectual for letting in the defense as if the statute of frauds had been specifically pleaded, where oral evidence of such contracts is admitted and the trial is concluded without the question being raised in any manner the benefit of the statute of frauds is deemed to have been waived. Browne on the Statute of Frauds (5th Ed.) sec. 135, p. 164; 2 Reed on Statute of Frauds, sec. 529, p. 143; *Graham v. Heinrich,* 13 Okla. 107, 74 Pac. 328; *Cosand v. Bunker,* 2 S. D. 294, 50 N. W. 84; *McLaughlin v. Wheeler,* 1 S. D. 497, 47 N. W. 816; *Nunez v. Morgan,* 77 Cal. 427, 19 Pac. 753; *McDonald v. Mission View Homestead Ass'n,* 51 Cal. 210; *H. P. Moore Lumber Corp. v. Walker,* 110 Va. 775, 67 S. E. 374, 19 Ann. Cas. 314 and notes.

Second. The defendants say, in effect, that the instruction that the plaintiff was entitled to recover the fair valuation of said material as against such of the defendants, if any, who might be found to have used said material is prejudicial error, in that it permitted a recovery without regard to whether such material was so used right-

fully or wrongfully, that is, without regard to whether it was so used in accord with said consolidation agreement or contrary to the same, and without regard to whether defendants' liability, if any, for any wrongful use that might have been found arose out of the cause of action alleged in plaintiff's petition, or out of the breach of the consolidation agreement. The instruction complained of most vigorously under this proposition is the sixth, and reads as follows:

"(6)   If you find from the evidence that neither the Oklahoma City Land & Development Company, nor J. F. Winans, nor W. F. Harn did expressly agree to pay for the material after the $5,380.30 payment was made, still if you find that the defendants, or any of them, used said material, you will find for the plaintiff, and against the defendants, or defendant, that used said material, for such sum as would be a fair valuation for said material so used."

It may be here observed that the material in question appears to have been worth the price that plaintiff alleged and testified was agreed upon and fixed in the alleged sale and delivery. And in complaining of the giving of this instruction in addition to the one allowing a recovery on a count for an agreed and fixed amount the defendants, at page 173 of their brief, say:

"This, we contend, was error, not so much on the grounds that it gave the jury two measures of damages, for under the evidence at the trial the measure of damages in both cases would be the same, but we do strongly urge that it submitted to the jury our liability, not only on the express contract as pleaded and sought to be proven, but also on an implied contract."

It appears that the Oklahoma City Land & Development Company is the only defendant that can claim to be

affected by the foregoing instructions, as no verdict or judgment was asked or given against the defendant Hurst, and the trial court, in effect, relieved the defendants Harn and Winans from what otherwise might have been the effect of said instruction upon them by instructing the jury in the next paragraph of the instructions as follows:

"(7) The jury is instructed that unless they find by a preponderance of the evidence that J. F. Winans and W. F. Harn agreed personally with plaintiff that they would pay for any material furnished by him which was used in the construction of the railroad line of the Oklahoma City Land & Development Company, then you must find for the defendants Harn and Winans."

And if, as we have stated this, the seventh instruction excepts the defendants Harn and Winans from those defendants against whom a recovery could be had under the instruction first quoted, it only remains to consider the said sixth and the eighth and the ninth instructions as they affect the Oklahoma City Land & Development Company. As to the Oklahoma City Land & Development Company, the court instructed the jury in the eighth and ninth instructions as follows:

"(8) If you find and believe from the evidence that a contract of construction was made, and that the materials in question were furnished by the plaintiff under such contract, but that the same was not carried out, nor full performance tendered on the part of defendant Oklahoma City Land & Development Company of the things to be done and performed on the part of said defendant, and if you find and believe from the evidence that the Oklahoma City Land & Development Company used said material, then plaintiff would be entitled to recover the fair valuation of said material used, after deducting the sum of $5,380.38 paid on said material, as against the defendant Oklahoma City Land & Development Company."

The court further instructed:

"(9) However, if you find and believe from the evidence that the materials and equipment in question were delivered by plaintiff to the defendant Oklahoma City Land & Development Company, under a contract of consolidation, and if you find and believe that the defendant Oklahoma City Land & Development Company performed, or tendered full performance of, all the conditions precedent to be performed on its part under such contract, then you will find for the defendants, and each of them."

Some of the foregoing instructions may be subject to criticism; but, after an examination of the entire record, it does not appear that the errors complained of in respect to these instructions, or any one of them, has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right within the meaning of section 6005, Rev. Laws 1910.

The defendant Oklahoma City Land & Development Company requested no instruction requiring the court to submit to the jury the question as to whether the plaintiff had failed to perform any condition precedent to his right to recover a *quantum valebat;* and it does not appear that the state of the evidence required the court to voluntarily so qualify the instructions given, although it would seem better to have done so.

On the other hand, nothing has been presented to us that would warrant us in affirming that there were no conditions precedent to be performed by the Oklahoma City Land & Development Company under the consolidation agreement claimed to enable it to urge that it received and had a right to use the material under that agreement as a defense to this action; and it appears probable that proof of an offer to perform, as well as proof of ability to do so on the part of the defendant, is a con-

58—23

dition precedent to its right to defeat a recovery of a *quantum valebat* upon this explanation of its receipt and use of the material.

This defendant asked no specific instruction as to what would or what would not constitute a condition precedent on its part to defeat plaintiff's right to a *quantum valebat* and there appears to be no reversible error in the sixth, eighth, or ninth instructions given by the court in this regard.

The question of error in the giving of the sixth instruction, the one first above quoted, which allowed a recovery against the Oklahoma City Land & Development Company as if the action was one in general *assumpsit* on an *indebitatus* or *quantum valebat* count, in addition to plaintiff's count upon an express promise, is the principal question in this case. That a count in general *assumpsit*, such as a *quantum valebat* count, may be joined with a count in special *assumpsit*, such as that alleged by plaintiff, may be seen from an examination of *Mellon v. Fulton*, 22 Okla. 636, 98 Pac. 911, 19 L. R. A. (N. S.) 960. Also see *Berry v. Craig*, 76 Kan. 345, 91 Pac. 913.

Although plaintiff's petition does not contain an *indebitatus* or *quantum valebat* count, but alleges an express promise, the defendants themselves gave evidence under which it was proper to submit to the jury the question of the liability of the Oklahoma City Land & Development Company as if there had been such count in general *assumpsit* when they testified that they secured the material in question under the aforesaid consolidation agreement and converted the same to another use by transfer to the Capital Construction Company, as a plaintiff may recover in *assumpsit* for conversion, notwithstanding the tort. 7 Modern American Law, pp. 385-388; 10 *Id.* 34; 2 R. C. L. 753-755; 1 Corpus Juris, 1031 *et seq.*

And, under the rule that an amendment of a plea which ought to have been allowed, if leave to make it had been asked in the trial court, to conform it to the evidence adduced without objection or by the adverse party will be regarded in this court as having been made *(Carson v. Butt,* 4 Okla. 133, 46 Pac. 596; *First National Bank of Mill Creek v. Langston,* 32 Okla. 795, 124 Pac. 308; *Love v. Kirkbride Drilling & Oil Co.,* 37 Okla. 804, 129 Pac. 858), the plaintiff's petition will be regarded as amended so as to contain a common count of *indebitatus* or *quantum valebat* in general *assumpsit* to conform the pleadings to the evidence given by defendants in favor of plaintiff's right to recover.

It follows from what has been said that there appears to be no error in this case which requires a reversal, and the judgment of the trial court is therefore affirmed.

All the Justices concur.