### SCHOENE v. HICKS et al.

No. 21390. Opinion Filed Jan. 24, 1933.

Claude Briggs, for plaintiff in error.

G. B. Mitchell and T. T. Varner, for defendants in error.

OSBORN, J. This is an action brought in the district court of Latimer county, wherein the plaintiff, E. C. Schoene, seeks to recover damages against the defendants, S. T. Hicks, H. E. Bagby and the Bengal Lumber Company, a corporation, for a trespass upon the lands of plaintiff and the removal of timber of the alleged value of $1,817.62. By virtue of the provisions of section 6007, C. O. S. 1921 (O. S. 1931, sec. 9994), the plaintiff claims the right to recover three times the value of the timber actually taken, and asks for judgment in the sum of $5,452.86.

At the trial of this cause a stipulation was entered into between plaintiff and defendant that if the court should find that the letters hereinafter set out constituted a contract between the parties, the plaintiff should have an instructed verdict in his favor for $600 against the defendant the Bengal Lumber Company.

The letters are as follows:

"Attention Mr. Hicks

"En Route

"At Freeport, Ill. June 22, 1924.
"Mr. Hicks

"c/o Bengal Lmbr. Co.,

"Bengal, Okla.

"Bengal, Okla.

"Dear Sir:

"I was in Wilburton last Sunday & Monday June 15 & 16th. I tried all day Monday till 8 p. m. to get you on the phone to say if you will send me a timber deed and a dft. that I can draw on you thru your bank for $600 I will consider selling you the pine timber on the S. E. ¼ & the S. W. ¼ section 17-4-21 you no doubt have been over this land ere now and know the pine on it is worth $600 & more.

"Please write me, whether we do business or not, and tell me what the oak is worth for tie timber.

"Also please advise me whether Joe Klein drilled an oil well in the county adjoining on the south and what was the result? Is

there any one drilling within 25 or 30 miles from my land.

"I am sorry I couldn't get you on the phone last Monday & make arrangements to see you.

"Hope to see you sometime later on one of my trips to Okla.

"Yours very truly,
"E. C. Schoene
"297 East Water St.
"Milwaukee, Wis."

"Bengal, Oklahoma
"June 27, 1924

"Mr. E. C. Schoene,
"Milwaukee, Wis.

"Dear Mr. Schoene:

"Your letter received Tuesday, and I have talked the matter over with Laramore Bros. and they seem to think that maybe they can get out on your timber at $600 so I am sending you deed and draft for this amount.

"Day before yesterday we had quite a loss as our planing plant completely burned. We had just installed a new $6,000 planer and had about 125,000 ft. of high grade lumber burn, the entire loss will be somewhere about $20,000.

"The only place that I know of that they are drilling for oil is at Red Oak which is about ten miles straight across from your land.

"Sorry that I did not get to talk with you or see you when in Wilburton.

"Yours very truly,
"Bengal Lumber Company"

"Tuesday July 22-24
"at San Francisco, Cal.,
"Bengal Lumber Co.
"S. T. Hicks, Mngr.
"Bengal, Okla.

"My dear Mr. Hicks:

"Your letter of June 27 together with the sight draft and deed for the pine timber on So. ½ sec. 17-4-21, for me to sign reached me at Butte last week. I am quite late this trip. I am holding these papers till I get home to Los Angeles, where I am well known, to have these examined and I expect to make draft on your bank soon.

"I will write you when I send these papers out.

"I am sorry you had that big loss by fire. I except to be in Wilburton in Oct. and I hope to see you again at that time.

"Yours very truly,
"E. C. Schoene"

"En Route
"Sunday at Salt Lake City, Utah.
"Aug 24-24
"Bengal Lumber Co.
"S. F. Hicks Mgr.
"Bengal, Okla.

"My dear Mr. Hicks:

"I have delayed in writing you because I was delayed in Los Angeles on account of sickness.

"While in Los Angeles I met Mr. C. N. Locke who surveyed and estimated the timber on the S. ½ sec. 17-4-21 for the government.

"He said they did not overestimate the timber, the value of the land was estimated on whether it was tillable or not, and as this particular piece not an acre of it was fit for cultivation. I should get the price I paid from the timber on the land Mr. Locke remembered this piece especially because it was so hilly and because he intended buying this piece himself at the sale for the timber value it had. Mr. Locke had quit the employ of the Govt. to go into the oil business—just about that time there came a slump in the oil business he decided to wait a while.—About that time too the Govt. sale of these lands was to be held & he opened a land office in McAlester and acted as agent for the buyers at this sale. Mr. Locke intended buying this for himself. He thought so well of this piece that he sent Peter Hanson of Wilburton down there for 2 weeks to prospect for lead-zinc he believed to be there, besides it having the best stand of timber of any parcel of land over there. And believed he could make money on the timber on it. He later decided on Hansons report to buy tillable land instead, believing a resale could be made quicker.

"I bought this land on the first & lowest bid the Govt. would accept and I can't understand why I should take a $400 loss on the Govt. lowest estimated value which was on the timber alone (as not an acre was tillable) and the estimate over 15 yrs. has increased since. Mr. Locke also said that none of the timber estimates would fall below the Govt. estimate, in fact, would cut today from 3 to 5 times the amount of their estimate because they under estimated rather than over estimated I don't feel I should sell this timber for $600 and take a $400 loss—since I have had reasonable assurance that the Govt. did not take more than the actual values, why should I take a loss. I will now sell you the timber for $1,000—what it cost me—or if you don't want to do that, you are to pay me $600 on an estimate of 200,000 feet being there. And we will cruise the timber we to each select one man to do this. You to pay me $3 per 1,000 for all over 200,000 feet.

"Please let me have your answer to reach me next Saturday August 30 at Westgate Hotel Kansas City Mo. or better write or wire that you will meet me there on that day.

"Hoping to see you at Kansas City next Saturday. I am

"Yours very truly,

"E. C. Schoene"

"Permanent address

"297 East Water St.

"Milkaukee, Wis."

Plaintiff alleges in his petition that during the months of July and August, the defendants went upon said lands and removed said timber, but there is no evidence of bad faith on the part of defendants.

The court found that there was a contract and instructed a verdict against the Bengal Lumber Company and dismissed the action against S. T. Hicks and H. E. Bagby, and from a judgment thereon the plaintiff has appealed.

There is some question as to whether the first letter from the plaintiff, dated June 22, 1924, is sufficient to constitute an unconditional offer. However, the letter of defendant in reply, with draft and deed attached, clearly constituted an unconditional offer, and, so far as the record is concerned, clearly embraces all of the terms of the agreement.

The letter of plaintiff, dated July 22, 1924, containing the language "I expect to make draft on your bank soon. I will write you when I send these papers out," is sufficient to constitute an unconditional acceptance of defendant's offer.

In the interest of sound business policy, the courts have laid down the following rule:

"In determining whether the facts present the elements of a contract, if a bona fide intent on both sides to come to a definite agreement is shown, it should be construed, if possible, to constitute an agreement rather than to defeat one." Neilson and Kittle Canning Co. v. F. G. Lowe & Co., 149 Tenn. 561, 260 S. W. 142,

See, also, Empire Rubber Manufacturing Co. v. Morris & Co., 65 A. 450, 73 N. J. L. 602; 13 C. J. 114.

From a consideration of all the acts, conduct, and statements of the parties taken as a whole, it appears that there was a meeting of minds on all the essential elements of a contract, upon clear and unequivocal terms. The trial court did not err in so holding.

This being the only assignment of error, the judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, BAYLESS, BUSBY, and WELCH. JJ., concur. McNEILL, J., absent.