**QUEEN ANNE CANDY CO. v. EAGLE.**

No. 28665.    March 7, 1939.

Rehearing Denied March 28, 1939.

Potterf, Gray & Poindexter, for plaintiff in error.

R. A. Howard, for defendant in error.

WELCH, V. C. J. The question here is whether the trial court erred in taking the case from the jury and rendering judgment in favor of defendant.

The suit is for damages for breach of contract for the sale of a certain lot of pecans.

There is competent evidence to the effect that one Palmer, acting as agent for plaintiff, agreed with the defendant to purchase a certain lot of pecans then in the possession of defendant, at an agreed price of five cents per pound. Palmer and defendant estimated the lot of pecans at approximately 25,000 pounds. The defendant desired confirmation of the agreement from Palmer's principal and for that purpose the following telegram was transmitted to the plaintiff as such principal:

"Ardmore Okla. Apl. 2, 1936
"To Queen Anne Candy Co.
"Hammond Ind.

"Confirm sale to you as purchased by Palmer approximately twenty five thousand pounds this territory extra good quality orchard run pecans at five cents per pound my track shipment next few days wire confirmation via telegraph.
"W. B. Eagle."

The following day defendant received the following telegram from plaintiff:

"RXHA 711-HAMMOND IND 3 928A
"W. B. Eagle

"TIS ANS NL 2ND ARDMORE OKLA

"Confirm twenty five thousand pounds purchased by Palmer five cents track
"Queen Anne Candy Co."

Upon receipt of the telegram of confirmation the defendant started sacking and weighing the pecans preparatory to delivering them to the purchaser, and after weighing them the defendant ascertained there was only 21,000 pounds instead of the estimated 25,000 pounds. Palmer, as plaintiff's agent, requested delivery of the lot of pecans on several occasions, but same was refused and the defendant subsequently sold and delivered the lot of pecans to other persons.

It is plaintiff's position that defendant failed to deliver the pecans because of an increase in the value thereof. The defendant contends that he was not bound because plaintiff's telegram did not accept his offer to sell "approximately 25,000 pounds," but that same was in effect a counter offer to buy exactly "25,000 pounds."

We have carefully considered the briefs and the entire evidence and have concluded the trial court erred in taking the case from the jury and rendering judgment for defendant.

The plaintiff's case is based upon an oral agreement to buy and sell a certain lot of pecans which the parties, after viewing, estimated to be approximately 25,000 pounds. There is ample evidence to clearly establish such agreement. We do not agree with defendant's theory that the telegrams were mere offers to sell and to buy. The telegrams show that they are confirmatory of the oral agreement. Both telegrams refer to the sale as "purchased by Palmer." The telegram from defendant to plaintiff asked confirmation of sale as "purchased by Palmer." The telegram from plaintiff to defendant confirmed the sale of the lot of pecans as "purchased by Palmer."

In Schoene v. Hicks et al., 162 Okla. 294, 23 P.2d 170, this court held:

"In determining the question of the existence of a contract, the court will consider the acts, conduct, and statements of the parties as a whole, and if it appears that there was a meeting of minds on all of the essential elements of the contract, and an intention on the part of both parties to enter into a contract upon clear and unequivocal terms, and one of the parties in good faith has acted in reliance upon the alleged contract, the court should construe the facts to constitute a contract rather than to defeat one."

There is ample evidence to show that it was the intention of defendant to sell a certain lot of pecans to plaintiff, which had been viewed and examined by plaintiff's agent. The agent transmitted all of

the facts of the oral agreement to his principal by telephone and the gist of the agreement was transmitted to plaintiff by telegram from defendant, and the plaintiff confirmed the agreement as made by its agent. There is evidence to show that both parties after the exchange of the telegrams considered the entire matter as a binding contract and agreement.

Defendant in his brief seeks to place some reliance upon the statute of frauds, but we find no merit in it. Harn v. Patterson, 58 Okla. 694, 160 P. 924.

The judgment is reversed, and the cause remanded, with directions to grant a new trial.

BAYLESS, C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.